USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/3/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                            :

CASSAVA SCIENCES, INC.,                  :

                                            :

                        Plaintiff,    :          1:22-cv-9409-GHW

                                            :

                -against-        :         ORDER TO SHOW
                                            :            CAUSE

DAVID BREDT, GEOFFREY PITT,     :
QUINTESSENTIAL CAPITAL          :
MANAGEMENT LLC, ADRIAN HEILBUT,   :
JESSE BRODKIN, ENEA MILIORIS, and   :
PATRICK MARKEY,                 :

                                            :

                        Defendants. :

                                            :

----------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

Plaintiff commenced this action on November 2, 2022 against the above-captioned defendants.  As the basis for this Court's subject matter jurisdiction, plaintiff invokes 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000.  Dkt. No. 1 ¶ 24.  To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  Plaintiff, as the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

Quintessential Capital Management LLC is a limited liability company.  When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members."  *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Plaintiff fails to properly allege the citizenship of the members of Quintessential Capital

Management LLC.  *See* Dkt. No. 1 ¶¶ 24, 28.  Thus, the Court cannot determine whether complete

diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction

over this case.

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua*

*sponte*."  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir.

2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action.").  Accordingly, plaintiff is hereby

ORDERED TO SHOW CAUSE by November 7, 2022 as to why this action should not be

dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated:  November 3, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2