UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASSAVA SCIENCES, INC.,

     Plaintiff,

v.

DAVID BREDT; GEOFFREY PITT;
QUINTESSENTIAL CAPITAL
MANAGEMENT LLC; ADRIAN HEILBUT;
JESSE BRODKIN; ENEA MILIORIS; and
PATRICK MARKEY,

     Defendants.

1:22-cv-9409-GHW

Judge Gregory H. Woods

**PLAINTIFF'S RESPONSE TO THE
COURT'S ORDER TO SHOW CAUSE**

Plaintiff Cassava Sciences, Inc. ("Cassava"), by and through counsel, and for its Response to the Court's Order to Show Cause (ECF No. 29), hereby states as follows.

On November 2, 2022, Cassava commenced this lawsuit by filing a Complaint against the Defendants. As alleged in the Complaint, Cassava is a Delaware corporation with its principal place of business in Austin, Texas. Compl. (ECF No. 1) at ¶¶ 11, 24. The Complaint also alleges citizenship for purposes of assessing subject matter jurisdiction for the Defendants as follows:

- ***Defendant Geoffrey Pitt***. Defendant Pitt is a natural person and a citizen of New York. *See id.* at ¶¶ 13, 24.

- ***Defendant David Bredt***. Defendant Bredt is a natural person and a citizen of California. *Id.* at ¶¶ 14, 24.

- ***Defendant Quintessential Capital Management LLC***. Defendant QCM is a hedge fund with its principal place of business in New York, New York and a citizen of New York. *Id.* at ¶¶ 16, 24.

- ***Defendant Adrian Heilbut***. Defendant Heilbut is a natural person and a citizen of New York. *Id.* at ¶¶ 18, 24.

- ***Defendant Enea Milioris***. Defendant Milioris is a natural person and a citizen of the United Kingdom. *Id.* at ¶¶ 19, 24.

- ***Defendant Jesse Brodkin***.  Defendant Brodkin is a natural person and a citizen of New Jersey. *See* Compl. ¶¶ 20, 24.

- ***Defendant Patrick Markey***.  Defendant Markey is a natural person and a citizen of Germany. *Id.* at ¶¶ 21, 24.

Earlier today, Cassava filed its First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).[1]  The First Amended Complaint includes additional allegations clarifying the facts underlying QCM's New York citizenship—that is, that QCM is a limited liability company registered in New York with Gabriele Grego, a New York citizen, as its sole member.  *See* First Am. Compl. (ECF No. 30).  The First Amended Complaint alleges (1) that Defendant QCM is a limited liability company registered with the New York Department of State (DOS ID 5223770)l; (2) that QCM's only member is Gabriele Grego, a natural person; (3) that Gabriele Grego resides in New York, New York and is a citizen of New York; and (4) that QCM is a citizen of New York for the reasons set forth in (1), (2) and (3).  *See* First Am. Compl. ¶¶ 16, 24, 28.[2]

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may file an amended pleading, without consent of the opposing party or leave of court, within 21 days of its service, or within 21 days after the service of a responsive pleading or Rule 12(b), (e), or (f) motion.  Courts have found that although technically outside of the language of Rule 15(a)(1), amending a complaint without seeking leave prior to service is also permissible.  *See Daley v. Town of Orchard Park*, No. 1:16-CV-00325 EAW, 2017 WL 417248, at *4 (W.D.N.Y. Jan. 30, 2017); *Hardie v. City of Albany*, No. 118CV470GLSCFH, 2018 WL 6510818, at *1 (N.D.N.Y. Nov. 9, 2018), *report and recommendation adopted*, No. 118CV470GLSCFH, 2018 WL 6506071 (N.D.N.Y. Dec. 11, 2018) ("Here . . . because plaintiff's complaint has not yet been served upon defendants, the motion to amend is not necessary.").

[2] Before filing suit, Cassava diligently researched and investigated all publicly available information related to the membership and citizenship of QCM, including (1) reviewing all information available on the New York Department of State website; (2) reviewing all information available in documents filed with the SEC by QCM; (3) reviewing information available on QCM's website; (4) searching for and reviewing all information available on various business entity informational databases, including LexisNexis and Westlaw; (5) searching for and reviewing all information related to any previous state or federal litigation commenced by or filed against QCM; and (6) obtaining and reviewing all documents filed by QCM with the New York Department of State, including its Articles of Organization.  Based on that research and information, Cassava determined that QCM is a limited liability company with one member, Gabriele Grego, who resides in New York, New York.  Specifically, in documents filed with the

In short: Cassava has alleged that Cassava is a citizen of Delaware and Texas and that none of the Defendants named in this action—including QCM—are citizens of either one of those states. Thus, Cassava's suit satisfies the requirement of complete diversity of the parties necessary to establish the Court's jurisdiction under 28 U.S.C. § 1332.

*     *     *

For the above reasons, Cassava requests that the Court find the jurisdictional allegations set forth in the First Amended Complaint, filed contemporaneously herewith, sufficient.

Dated: November 4, 2022

/s/ Matthew J. Langley
Matthew J. Langley
   MLangley@beneschlaw.com
   New York Registration No. 4831749

J. Erik Connolly (*pro hac vice forthcoming*)
   econnolly@beneschlaw.com
   Illinois ARDC No. 6269558
Timothy Frey (*pro hac vice forthcoming*)
   tfrey@beneschlaw.com
   Illinois ARDC No. 6303335
Kate Watson Moss (*pro hac vice forthcoming*)
   kwatsonmoss@beneschlaw.com
   Illinois ARDC No. 6321176
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

---

SEC, QCM asserts that its sole direct member/owner is Gabriele Grego and that it does not have any indirect owner/members.