**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

CASSAVA SCIENCES, INC.,

    Plaintiff,

-against-

DAVID BREDT; GEOFFREY PITT; QUINTESSENTIAL CAPITAL MANAGEMENT LLC; ADRIAN HEILBUT; JESSE BRODKIN; ENEA MILIORIS; and PATRICK MARKEY

    Defendants.

---------------------------------------------------------------x

No. 22-cv-9409 (GHW)(OTW)

## REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on February 15, 2023, and exchanged communications thereafter, and submit the following report of their meeting for this Court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:**

Plaintiff has asserted claims for defamation *per se* against all Defendants. Plaintiff alleges that each Defendant published, and re-published, a series of defamatory statements and implications concerning Plaintiff, including but not limited to statements that Plaintiff committed fraud by intentionally manipulating safety and efficacy data related to a pharmaceutical product currently in FDA trials. Defendants Bredt and Pitt published their defamatory statements in five submissions made to the United States Food and Drug Administration, in which they also re-published statements made by Defendant QCM and Defendants Heilbut, Brodkin, Milioris, and Markey. Defendant QCM published its defamatory statements in both a report published online –

1

in which it also re-published certain of the defamatory statements made by Defendants Bredt, Pitt, Heilbut, Brodkin, Milioris, and Markey – and in social media posts. Defendants Heilbut, Brodkin, Milioris and Markey created two websites, whereon they published their defamatory content and re-published the defamatory statements of the other Defendants, which they also distributed in an ongoing social media campaign.

Cassava has pled facts establishing that the statements made by all Defendants were false, defamatory, and would be reasonably understood by the reader to be conveying facts concerning Plaintiff.  Cassava has further pled that each Defendant acted with actual malice. Not only did Defendants take short positions in Plaintiff's publicly traded stock, thereby profiting from their defamation, but Defendants also knew that their publications were false, or otherwise recklessly disregarded the falsity of their statements.

Plaintiff also asserts conspiracy theories of liability against (1) Defendants Bredt and Pitt; and (2) Defendants Heilbut, Brodkin, Milioris, and Markey.

**Defendants:**

Plaintiff has stated no claim.  Defendants'[1] statements accurately described admitted errors and anomalies in certain data relied on by Cassava and circumstances relating to members of Cassava's management and related third parties, and Defendants' opinions concerning those undisputed errors, anomalies and circumstances are protected speech.  Cassava has not alleged and cannot prove actual malice under the stringent standards applicable under the First Amendment and New York's vigorous Anti-SLAPP statute, N.Y. Civil Rights Law § 76-a, and any injury to Cassava was caused by its own conduct, public statements, and refusal to address or acknowledge serious questions concerning the data in question.  Finally, the undifferentiated group pleadings

---

[1] Unless otherwise stated, references to "Defendants" in Defendants' position statements herein refer to all Defendants except Defendant Patrick Markey, who has not yet been served.

and extreme prolixity of the complaint and exhibits thereto run afoul of Federal Rule of Civil Procedure 8 and the complaint should be dismissed for that reason alone.

In addition, the statements by Defendants Bredt and Pitt and Defendant Quintessential Capital Management ("QCM") were not defamatory *per se* and Cassava has failed to plead special damages flowing directly from an injury to its reputation caused specifically by their statements, and certain purported statements alleged to have been made by QCM are not attributable to QCM.

Moreover, Cassava does not and cannot plead facts sufficient for this Court to exercise personal jurisdiction over Defendants Jesse Brodkin and Enea Milioris.

Certain Defendants will also have statute of limitations and other defenses specific to the statements Cassava challenges.

2. **Basis of Subject Matter Jurisdiction:** Diversity (28 U.S.C. § 1332)

3. **Subjects on Which Discovery May Be Needed:**

<u>Plaintiff</u>:

Plaintiff intends to pursue discovery from Defendants with respect to Defendants' publications of their defamatory statements and actual malice in doing so.  Specifically, Plaintiff intends to pursue discovery regarding:

- Defendants' publication of defamatory statements;

- Defendants' communications with one another and third parties regarding Plaintiff, the publication of their defamatory statements regarding Plaintiff, and their efforts to profit from publication of such defamatory statements;

- Defendants' financial interests in defaming Plaintiff; and

- Defendants' knowledge of falsity or reckless disregard for the truth in defaming Plaintiff.

Plaintiff will also seek third party discovery with respect to these same topics, in addition to the harm caused to Plaintiff's reputation as a result of Defendants' defamatory statements.

**Defendants**:

If and when discovery is needed, Defendants intend to seek discovery concerning: the errors and anomalies in the data and papers in question; Cassava's awareness, response to, and investigation of the same; Cassava's communications with the authors of the papers in question, the journals that published them and CUNY; Cassava's internal and public statements and communications concerning the papers/data at issue and the Defendants' statements concerning the same; Cassava's securities and other disclosures concerning the statements and papers at issue; statements to the FDA and other governmental or regulatory bodies with respect to the data/papers at issue; investigations and inquiries into Cassava's knowledge of issues in the data in question and its use of that data; Cassava's statements, pleadings, discovery responses, document productions, transcripts, testimony and submissions in litigation or investigations (including governmental or internal investigations) concerning simufilam; shareholder demands and related Board communications or investigations concerning simufilam; the circumstances involving Cassava's predecessor entity and its pharmaceutical product Remoxy; the relationships between members of Cassava's management and related third parties pertaining to, among other things, their professional credentials and bona fides, and prior criminal records; Cassava's claim of damages and the movement of its stock price; and other allegations in the First Amended Complaint.

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff on February 22, 2023.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendants on February 22, 2023.

5. **Formal Discovery**

The parties do not agree on the need for discovery at this stage.

**Plaintiff's Proposal**:

Plaintiff proposes to the Court, over Defendants' objection, that discovery commence immediately. The fact that Defendants have (or will) file motions to dismiss the First Amended Complaint, by itself, is not a sufficient basis upon which to stay discovery, and Defendants will not be able to show any good cause as to why discovery should be further delayed. On the other hand, staying discovery pending the outcome of the motions to dismiss—which may not be finally adjudicated for many months, or perhaps a year after the filing of this action—risks the loss or destruction of evidence, especially evidence that is controlled exclusively by third parties.

Plaintiff proposes the following discovery plan:

a. All fact discovery must be completed by December 1, 2023.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

    i. <u>Depositions</u>: Depositions shall be completed by December 1, 2023 and limited to no more than 20 depositions per party. If necessary, Parties may request that the opposing Party agree to additional depositions, consent to which requests shall not be unreasonably withheld. If no agreement is reached, the Party requesting such deposition may seek leave of the Court. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before March 31, 2023 and responses shall be due on April 28, 2023. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

5

iii. <u>Requests for Admission</u>: Requests for admission must be served on or before November 17, 2023.

iv. <u>Requests for Production</u>: Initial requests for production will be exchanged on March 31, 2023 and responses shall be due on April 28, 2023. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

(a) Document production shall be substantially completed by July 31, 2023.

v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**Defendants' Proposal**:

Defendants contend that the First Amended Complaint is, as a matter of law, fundamentally flawed and the motions to dismiss are likely to be granted. Based upon the case law mandating the need to avoid unfairly burdening defendants in defamation cases in favor of protecting First Amendment freedoms, Defendants are concurrently moving to stay discovery. To the extent a discovery schedule is required now, Plaintiffs' proposed schedule is unreasonable, particularly given the breadth of claims asserted in Plaintiffs' prolix complaint and the sheer volume of exhibits incorporated therein, as well as the likely complexity of litigating allegations of defamatory statements relating to complicated scientific studies and ongoing clinical trials (including Phase 3 trials with estimated completion dates in October 2023 and June 2024).

a. Defendants propose that fact discovery be stayed pending resolution of Defendants' motions to dismiss, with all fact discovery to be completed within 12 months following the Court's disposition of the motions to dismiss (in the event they are not granted in full).

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following

interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties complete fact discovery within 12 months of the Court's disposition of the motions to dismiss.

      i.    <u>Depositions</u>: Depositions shall be completed within 12 months following the Court's disposition of the motions to dismiss (in the event they are not granted in full) and limited to no more than 12 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

      ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served within 30 days following the Court's disposition of the motions to dismiss (in the event they are not granted in full). All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

      iii.    <u>Requests for Admission</u>: Requests for admission must be served no later than 30 days before the fact discovery deadline.

      iv.    <u>Requests for Production</u>: Initial requests for production will be exchanged within 30 days following the Court's disposition of the motions to dismiss (in the event they are not granted in full); and responses shall be due 30 days thereafter. All subsequent requests for production must be served no later than 30 days before the fact discovery deadline.

           (a)    Document production shall be substantially completed within nine months following the Court's disposition of the motions to dismiss (in the event they are not granted in full).

      v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6.    Anticipated Discovery Disputes**

Plaintiff has already rejected Defendants' request to stay discovery pending resolution of the motions to dismiss. Defendants Bredt and Pitt may assert attorney-client privilege with respect to certain communications that Plaintiff may contend are relevant.

**7.    Amendments to Pleadings**

Plaintiff anticipates that it may need to amend the operative Complaint in the event Defendants' defamatory campaign against Plaintiff continues.

8.    **Expert Witness Disclosures**

As noted above, Defendants maintain that all discovery, including expert discovery, should be stayed prior to the Court's determination of the motions to dismiss. The parties anticipate utilizing experts in the event that the motions are denied in whole or in part; however, because Cassava has not yet disclosed the specific purposes for which it will seek expert testimony, Defendants are unable at this time to determine the extent to which expert discovery will be warranted in the event that any portion of the FAC survives.

Acknowledging the early stage of the case and without waiving its ability to supplement or amend this disclosure, Plaintiff anticipates utilizing expert witnesses to provide opinion evidence on issues related to falsity, actual malice, and/or damages. Plaintiff proposes that each Party disclose any experts offering affirmative opinions on or before January 12, 2024, disclose any rebuttal experts on or before March 1, 2024, and that expert discovery close on May 10, 2024.

Defendants propose that each Party disclose any experts offering affirmative opinions within 30 days of the close of fact discovery, disclose any rebuttal experts within 60 days thereafter, and that expert discovery close 120 days after the close of fact discovery. Defendants reserve their rights to request a modification of these deadlines and intervals based on whatever claims remain following the resolution of the motions to dismiss.

9.    **Electronic Discovery and Preservation of Documents and Information**

The parties discussed electronic discovery at the Rule 26(f) meet and confer. At this time, there are no issues the parties are seeking to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference. The Parties intend to enter into an electronic discovery protocol either (1) by March 31, 2023, or (2) within 30 days following the

Court's disposition of the motions to dismiss (in the event they are not granted in full), depending upon the Court's resolution of Defendants' motion to stay discovery.

10. **Anticipated Motions**

Defendants have filed or intend to file motions to dismiss, and they intend to move to stay discovery pending a determination on their dispositive motions.

11. **Early Settlement or Resolution**

The parties have discussed the possibility of settlement at the Rule 26(f) meet and confer.

12. **Trial**

   a. Plaintiff anticipates that this case will be ready for trial by September 2024.

   b. The Parties anticipate that the trial of this case will require 10 days.

   c. The Parties do not consent to a trial before a Magistrate Judge at this time.

   d. Plaintiff requests a jury trial.

13. **Other Matters**

Defendant Markey resides in Germany. Plaintiff transmitted documents to Germany on January 31, 2023, for service via the Hague Convention, but Plaintiff anticipates return of service for Defendant Markey will take at least three to six months.

Respectfully submitted this 1st day of March, 2023.

| ATTORNEYS FOR PLAINTIFF: | ATTORNEYS FOR DEFENDANT(S): |
|---|---|
| */s/ J. Erik Connolly* | */s/ Jeffrey A. Simes (via email)* |
| Erik Connolly<br>Benesch Friedlander Coplan & Aronoff<br>71 S. Wacker Drive<br>Ste 16th Fl.<br>Chicago, IL 60606<br>312-212-4949 | Jeffrey A. Simes<br>Goodwin Procter, LLP (NYC)<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 813-8879<br>Fax: (212)-355-3333 |

Email: econnolly@beneschlaw.com

Timothy M Frey
Benesch Friedlander Coplan & Aronoff
71 S. Wacker Drive
Suite 1600
Chicago, IL 60606
312-212-4949
Email: tfrey@beneschlaw.com

Kathleen Watson Moss
Benesch Friedlander Coplan & Aronoff LLP
71 S. Wacker Dr.
Ste 1600
Chicago, IL 60606
312-212-4949
Email: kwatsonmoss@beneschlaw.com

Matthew John Langley
Benesch Friedlander Coplan & Aronoff LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
312-624-6408
Email: mlangley@beneschlaw.com
*Attorneys for Plaintiff Cassava Sciences, Inc.*

Email: jsimes@goodwinprocter.com

Meghan K. Spillane
Goodwin Procter LLP
The New York Times Building,
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
Fax: (212) 355-3333
Email: mspillane@goodwinlaw.com
*Attorneys for Defendants David Bredt and Geoffrey Pitt*


*/s/ Alisa Benintendi (via email)*

Kleinberg,Kaplan,Wolff & Cohen,P.C.
551 Fifth Avenue
New York, NY 10176
(212) 986-6000
Fax: (212) 986-8866
Email: dlevy@kkwc.com

Alisa Benintendi
Kleinberg, Kaplan, Wolff & Cohen, P.C.
Kleinberg, Kaplan, Wolff & Cohen, P.C.
500 Fifth Avenue
New York, NY 10110
212-880-9871
Email: abenintendi@kkwc.com

Joshua Kallman Bromberg
Kleinberg, Kaplan, Wolff & Cohen, P.C.
500 Fifth Avenue
New York, NY 10110
212-986-6000
Email: jbromberg@kkwc.com
*Attorneys for Defendant Quintessential Capital Management LLC*


*/s/ David Kumagai (via email)*

Daniel F Wachtell
Law Office of Daniel F. Wachtell
90 Broad Street
23rd Floor
New York, NY 10004
917-667-6954

Email: dan@danwachtell.com

David Robert Shine Kumagai
Clarick Gueron Reisbaum LLP
Clarick Gueron Reisbaum LLP
220 5th Ave
14th Floor
10001
New York, NY 10019
212-633-4310
Email: dkumagai@cgr-law.com

Isaac Berkman Zaur
Clarick Gueron Reisbaum LLP
220 Fifth Avenue
New York, NY 10001
(212) 633-4310
Fax: (212) 478-9484
Email: izaur@cgr-law.com
*Attorneys for Defendants Adrian Heilbut, Jesse Brodkin, and Enea Milioris*