

*Joshua K. Bromberg*
*E-Mail: jbromberg@kkwc.com*
*Direct Dial: 212.880.9895*

March 2, 2023

<u>Via ECF</u>

The Honorable Ona T. Wang
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: <u>*Cassava Sciences, Inc. v. David Bredt, et al.*, No. 22-cv-9409 (GHW)(OTW)</u>

Dear Magistrate Judge Wang,

  We represent defendant Quintessential Capital Management LLC ("QCM") in the above-captioned case. We write jointly with counsel for defendants Drs. David Bredt and Geoffrey Pitt (the "CP Defendants") and defendants Drs. Adrian Heilbut, Jesse Brodkin, and Enea Milioris (the "Dot.com Defendants") in accordance with Local Civil Rule 37.2 and section II(b) of Your Honor's Individual Practices in Civil Cases, to request a pre-motion conference in advance of the Defendants' anticipated filing of a joint motion to stay discovery pending the adjudication of their respective motions to dismiss the Amended Complaint (ECF No. 30) pursuant to Fed. R. Civ. P. 12(b)(6).[1] In the interest of conserving the Court's time and the finite resources of the parties, we respectfully request that the pre-motion conference be scheduled for March 8, 2023, to be held concurrently with the initial case management conference scheduled for 11:30 a.m. on that date.

**<u>The Court Should Stay Discovery Pending Resolution of the Motions to Dismiss</u>**

  This lawsuit is a public-relations gambit, filed by a plaintiff who is under criminal and regulatory investigation, alleging that Defendants somehow defamed Cassava by exercising free speech in a matter of significant public concern – namely, by publicizing the flaws in Cassava's research and statistical methodologies in the development of its Alzheimer's drug, simufilam. The Amended Complaint is substantively meritless and has all the hallmarks of a strategic lawsuit against public participation ("SLAPP"), including but not limited to its oppressive length – some 1600 pages, including over 100 exhibits. To permit discovery to move forward would reward Cassava's gambit and impose unwarranted costs on the Defendants, most of whom are individuals, and would send the message to the medical and scientific community that rigorous, evidence-based criticism can nevertheless be punished by large pharmaceutical companies determined to saddle defendants with the extensive costs of discovery, irrespective of the merits of the claims asserted.

---

[1]  The CP Defendants' motion to dismiss was filed on January 6, 2023 (ECF No. 74), with Cassava's opposition filed on February 6th and the CP Defendants' reply filed on February 21st (ECF Nos. 80-81). QCM's motion to dismiss was filed on February 6, 2023 (ECF No. 77), with Cassava's opposition due on March 10th and QCM's reply due on March 24th (ECF No. 76). The Dot.com Defendants' motion to dismiss is due on March 9, 2023 (ECF No. 73).



Magistrate Judge Ona T. Wang
March 2, 2023
Page 2

As Your Honor is well aware, "[i]f a party makes 'a showing of good cause' the Court may, in its discretion, stay discovery." *Romano v. AC360 Media, LLC*, No. 20-cv-8988, ECF No. 51, at 1 (S.D.N.Y. June 3, 2021). Relevant factors include: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018). This Court has readily and repeatedly found "good cause" where a pending motion to dismiss appears meritorious and would be entirely dispositive of a plaintiff's claims. *See, e.g., Destine v. Joseph*, No. 20-cv-0082, ECF No. 44, at 2 (S.D.N.Y. Nov. 2, 2020); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (same); *Rajapakse v. Shaw*, 2021 BL 459535, at *1 (S.D.N.Y. Dec. 1, 2021) ("Judge Wang is well within her discretion to order a stay in this matter pending resolution of the motion to dismiss.").

An ordinary defamation lawsuit faces a punishingly exacting standard to defeat a motion to dismiss, and where (as here) the debate centers around scientific disagreements, the Second Circuit has directed the courts to steer clear entirely. *See ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 492 (2d Cir. 2013). The applicable legal standard thus requires demanding scrutiny of the allegations in the Amended Complaint to ensure that First Amendment freedoms are given wide berth, and thus further unmistakably warrants a stay of discovery. None of the statements alleged by Cassava to be defamatory are actionable for a variety of reasons, including (without limitation) that the statements (1) are substantially true; (2) are opinions; (3) are not susceptible of a defamatory meaning; (4) were not made with actual malice; and/or (5) did not result in any damages to Cassava. A stay of discovery is thus appropriate because the motions to dismiss present substantial arguments for dismissal of all causes of action asserted in the Amended Complaint. *See, e.g., Trs. of N.Y.C. Dist. Council v. Showtime on the Piers LLC*, 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019) (stay of discovery "appropriate" where defendants "presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit"); *HAHA Global, Inc. v. Barclays*, 2020 WL 823241, at *1 (S.D.N.Y. Feb. 20, 2020) (granting stay where defendants raised "viable grounds" for dismissal).[2]

Moreover, as indicated in the parties' joint Rule 26(f) Report (ECF No. 82), discovery is anticipated to be expensive and substantially burdensome to all parties, particularly since the Defendants are located throughout the United States and in Europe and multiple counsel are involved. The discovery Cassava has indicated it will seek in this case is particularly overreaching,

---

[2] While the decision whether to grant a stay rests squarely in this Court's discretion, had this action been brought in state court, New York's Anti-SLAPP statute would impose a mandatory discovery stay while the defendants' motions are pending, and require Cassava to show that the causes of action have a "substantial basis in law" to sustain its claims. N.Y. Civ. Rights Law §§ 70-a, 76-a; CPLR 3211(g). The salutary purpose of the Anti-SLAPP Statute is to "protect citizens from frivolous litigation that is intended to silence their exercise of the rights of free speech and petition about matters of public interest." *Great Wall Med. P.C. v. Levine*, 2022 WL 869725, at *1 (N.Y. Sup. Ct. Mar. 8, 2022). We respectfully submit that unless this Court exercises its discretion to stay discovery, the defendants will needlessly be deprived of those protections.



including but not limited to discovery concerning "Defendants' communications with one another and third parties regarding Plaintiff, the publication of their defamatory statements regarding Plaintiff, and their efforts to profit from publication of such defamatory statements" and "Defendants' knowledge of falsity or reckless disregard for the truth in defaming Plaintiff." Defendants, too, expect to seek discovery on a wide range of issues, including but not limited to "the errors and anomalies in the data and papers in question" and "investigations and inquiries into Cassava's knowledge of issues in the data in question and its use of that data." None of this extensive factual inquiry will be necessary if, as expected, the Court grants the motions to dismiss.

Finally, no prejudice will befall Cassava if discovery is stayed pending adjudication of the motions to dismiss. While Cassava has asserted that a discovery stay "risks the loss or destruction of evidence" (ECF No. 82 at 5), Cassava has shown no basis for this assertion, and there is none. The essence of this case is Defendants' publication of allegedly defamatory statements; by definition, those statements – the most central evidence – are already known to Cassava, and the question of whether those statements are actionable will soon be decided by the Court without the necessity of any discovery at all. Cassava's delay in bringing this lawsuit for over a year after the allegedly defamatory publications—beyond the limitations period for some of the Defendants—further demonstrates that there is no need for expeditious discovery.[3]

\*   \*   \*

During the parties' meet-and-confer on February 15, 2023, Defendants requested that Cassava consent to a stay of discovery pending the adjudication of the motions to dismiss. Cassava refused, but agreed that the parties' conversation would satisfy their obligation to meet and confer in good faith regarding the present dispute. Accordingly, all Defendants request a pre-motion conference to be held on March 8, 2023 to discuss their anticipated joint motion to stay discovery.

Respectfully submitted,

Joshua K. Bromberg

cc: All counsel of record, via ECF

---

[3] Additionally, the fact that defendant Patrick Markey still is being served via the Hague Convention, and return of service will (by Cassava's own estimation) take at least three to six months (ECF No. 82 at 9), also favors a stay. See Destine v. Joseph, No. 20 Civ. 82, ECF No. 44, at 2 (S.D.N.Y. Nov. 2, 2020) (delay in serving additional defendant supported a showing of "good cause" to stay discovery)