

J. Erik Connolly<br>
71 South Wacker Drive, Suite 1600<br>
Chicago, Illinois 60606-4637<br>
Direct Dial:  312.624.6348<br>
econnolly@beneschlaw.com

March 6, 2023

**VIA ECF**

The Honorable Ona T. Wang
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Cassava Sciences, Inc. v. Bredt, et al.*, No. 22-cv-9409(GHW)(OTW)

Dear Magistrate Judge Wang,

    I represent the plaintiff in the above-captioned case. I write to respond to the letter motion filed by counsel for QCM on behalf of all Defendants on March 2, 2023. Defendants' request to stay discovery in this case should not be granted.

    This is a straightforward case of defamation *per* se. The law recognizes that certain accusations against a company are so reprehensible that damage to the company's reputation is presumed. *See Nolan v. State of New York*, 69 N.Y.S.3d 277, 284 (N.Y. App. Div. 2018). Stating that a company is a fraud is one such accusation. *See Four Star Stage Lighting, Inc. v. Merrick*, 392 N.Y.S.2d 297, 298 (N.Y. App. Div. 1977). These Defendants, over the course of more than five months and through over 1,000 statements, told investors that Cassava was a fraud so that its stock price would plummet and they (the Defendants) would make money from their short positions. Defendants' scheme worked. People believed Defendants and Cassava suffered as a result. This lawsuit, a straightforward case of defamation *per se*, is the only way Cassava can restore its reputation and hold the wrongdoers accountable. There is nothing about Cassava's case that merits imposing the extraordinary penalty of staying discovery.

    ***First***, federal courts do not automatically stay discovery in cases implicating the First Amendment. To the contrary, discovery stays are the exception and courts routinely reject motions requesting a stay. *See, e.g.*, *Guiffre v. Maxwell*, 2016 WL 254932, *2 (S.D.N.Y. Jan. 19, 2016) (denying motion to stay where plaintiff "pled concrete facts and law to support all of her arguments" and "argue[d] vigorously and in detailed fashion that a defamation claim has been adequately pled"); *Mirra v. Jordan*, 2016 WL 889559, *2 (S.D.N.Y. Mar. 1, 2016) (denying motion to stay because there could be no strong showing that defamation claim was meritless where analysis required by motion to dismiss was "fact-specific and based on various factors" and the parties had cited case law "in support of both arguments"). Just like any other case, federal courts will only grant a motion to stay if the requesting party makes a showing of "good cause"— which includes "a *strong* showing that a motion to dismiss the case in its entirety would be granted." *Medina v. City of New York*, 2020 WL 3050971, *2 (S.D.N.Y. June 8, 2020) (citations

omitted).[1]

**Second**, Cassava has pled "concrete facts" supporting each of its claims. Cassava filed a detailed complaint identifying over 1,000 false statements by the Defendants, as well as facts demonstrating that (a) each of the statements were demonstrably false, (b) each of the statements were presented as factual assertions as opposed to pure opinion or speculation, and (c) Defendants published each statement knowing it was false or with reckless disregard for the truth. Defendants may disagree with the facts alleged by Cassava, but it is impossible to conclude that Cassava has not pled "concrete facts" to support all of its claims. The Court cannot find otherwise without ignoring Cassava's well-pled facts, which cannot be done. *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (courts "accept as true the factual allegations" for purposes of a motion to dismiss).

**Third**, Defendants have not provided this Court with a legal basis for concluding that Cassava's claims are without merit. Only one motion to dismiss is fully briefed—the one filed by Defendants Bredt and Pitt. In response to that motion, Cassava cited dozens of cases supporting its claims and further demonstrated that the motion did not even address all (or most) of the defamatory statements published by Bredt and Pitt. The motion filed by QCM likewise did not address all the defamatory statements by Bredt and Pitt that QCM republished. Accordingly, even if the Court considered the filed motions to dismiss, the Court has no basis to conclude that (a) the motions will necessarily be granted, or (b) Cassava's claims will be dismissed in their entirety. The Court cannot find, on this record, that Defendants have made a "strong showing" that Cassava's case will be dismissed in its entirety, which is a prerequisite to granting a stay.

**Fourth**, Defendants have not satisfied their burden of establishing that discovery will be so onerous that it must be stayed. Defendants' conclusory statements that discovery will be expensive and burdensome "do not move beyond generally describing the costs of participating in standard civil discovery for a case like this." *RBG Mgmt. Corp. v. Vill. Super Market, Inc.*, 2023 WL 1996920, *2 (S.D.N.Y. Jan. 24, 2023). Good cause is not established "solely by showing that discovery may involve inconvenience and expense." *Waltzer v. Conner*, 1985 WL 2522, *1 (S.D.N.Y. Sept. 12, 1985) (citation omitted). Nor is good cause established by blanket assertions that plaintiff will "seek extensive documents related to a wide variety of issues." *Mirra*, 2016 WL 889559 at *2. Defendants offer nothing—beyond conclusory speculation—by way of showing good cause for a discovery stay.

**Fifth**, Defendants have not satisfied their burden of establishing that Cassava will not be prejudiced by a stay of discovery. This Court "follows the standard requiring the movant to establish good cause for granting a stay, which includes a showing that no prejudice will attend the party opposing the motion." *Mirra*, 2016 WL 889559 at *2. Defendants are unable to make

---

[1] Defendants argue that discovery should be stayed because "New York's anti-SLAPP statute would impose a mandatory discovery stay while the defendants' motions are pending." This argument rests on a faulty premise. The procedural "protections" of the New York statute do not apply in this Court. *See La Liberte v. Reid*, 966 F.3d 79, 86–88 (2d Cir. 2020) (state anti-SLAPP statute's procedural provisions do not apply in federal court); *Chinese Ams. Civ. Rts. Coal., Inc. v. Trump*, 2022 WL 1443387, *4, n.4 (S.D.N.Y. May 6, 2022) (New York anti-SLAPP statute's "heightened pleading standard does not apply in federal court"); *Nat'l Acad. of Television Arts and Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 432 ("§ 70-a is inapplicable in federal court.").

such a showing because evidence is "fading with time." *Id.* This case involves third parties with whom Defendants "collaborated" to defame Cassava and drive down its stock price, including named and unnamed "scientists" and "experts" that Defendants claimed supported their conclusions. Those individuals possess highly relevant electronic communications that are (a) not under any preservation obligation, and (b) likely subject to auto-deletion policies. *See Colceriu v. Barbary*, 2021 WL 848155, at *2 (M.D. Fla. Mar. 5, 2021) (denying motion to stay where the "events giving rise to th[e] claim occurred on [a] social media platform" because deleted content can be lost in as little as six months).

Defendants' argument that the "publication" of the defamatory statements is "the most central evidence" of the case is unavailing and inconsistent with defamation law. The "most central evidence" in this case includes evidence in the possession of Defendants and their third party collaborators that shows: (a) Defendants knew their statements were false, (b) Defendants acted with reckless disregard for the truth, (c) Defendants intended to artificially deflate Cassava's stock price, and (d) Defendants collaborated with each other to execute on their short-and-distort scheme to make money through the publication of defamatory accusations against Cassava. The "most central evidence" is this type of actual malice evidence. Delay makes it harder for Cassava to obtain this "elusive" evidence. *Howard v. Gutterman*, 3 B.R. 393, 394 (S.D.N.Y. 1980) ("As time progresses, evidence becomes stale, memories fade, and the search for truth necessarily becomes more elusive.").

\*   \*   \*

Defendants' request to stay discovery stands in stark contrast to their public statements about this lawsuit. In an interview given shortly after this case was filed, QCM's sole managing member stated: "we look forward to getting discovery on the company."[2] Similarly, shortly after learning of the suit, but before knowing he was named in it, another Defendant tweeted "Please name me" six times alongside two "praying" emojis.[3] This cavalier attitude is not shared by Cassava. The seriousness of this case and its allegations are set forth in Cassava's detailed and thorough complaint. Cassava brought this case for the sole purpose of restoring its reputation following the relentless smear campaign pursued by bad actors with only their own financial interests at heart. Those same bad actors have not come close to satisfying their burden of proving that this case should be stayed pending the nascent motions to dismiss.

Respectfully Submitted,

J. Erik Connolly

---

[2] Anviksha Patel, *Short Sellers Hit Back at Cassava Lawsuit Against Them: "We Stand Behind Everything We Wrote,"* MARKETWATCH (Nov. 4, 2022, 10:49 AM), https://www.marketwatch.com/story/short-sellers-hit-back-at-cassava-lawsuit-against-them-we-stand-behind-everything-we-wrote-11667573363.

[3] Jesse Brodkin (@jesse_brodkin), TWITTER (Nov. 3, 2022, 8:45 AM), https://twitter.com/jesse_brodkin/status/1588165423597604865.