

J. Erik Connolly
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.624.6348
Fax:  312.767.9192
econnolly@beneschlaw.com

October 18, 2023

**VIA ECF**

The Honorable Ona T. Wang
Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *Cassava Sciences, Inc. v. David Bredt, et al.*, Civil Action No. 22-cv-9409-GHW-OTW

Dear Judge Wang:

I represent Plaintiff Cassava Sciences, Inc. in the above-captioned matter. I am writing in response to the letter filed by Defendants David Bredt and Geoffrey Pitt on October 16, 2023 (Dkt. 101). Defendants filed that letter "to inform the Court of a material development in one of the several investigations related to Cassava" and "as further support that . . . the pending motions to dismiss should be granted." (Dkt. 101 at 1, 2.) With their letter, Defendants filed (1) a copy of an article published in *Science*; (2) a copy of a leaked report from the City University of New York ("CUNY"); and (3) links to articles published in the *New York Times* and *Wall Street Journal* regarding the leaked report. This letter, as well as the materials it attaches and references, are wholly improper and must be ignored by this Court.

The evidence attached by the defendants—even if it did reflect or discuss an official and confirmed investigative report from CUNY, which it does not—is not proper for consideration on a motion to dismiss. *Karol v. City of New York*, 396 F. Supp. 3d 309, 318 (S.D.N.Y. 2019). The task of a court ruling on a motion to dismiss is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). Documents that are not attached to the complaint, incorporated in the complaint by reference, or "integral" to the complaint cannot be considered. *DeLuca v. Accessit Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010). The documents submitted by Defendants do not fall into any of these categories. For that reason, they constitute extrinsic factual allegations and should be ignored. *Id.*

Moreover, it is black-letter law that a factual rebuttal, when based on non-cognizable materials, is inappropriate on a motion to dismiss based on Rule 12(b)(6). *Talon Pro. Servs., LLC v. CenterLight Health Sys. Inc.*, 2021 WL 1199430, at *10 (S.D.N.Y. Mar. 30, 2021), citing *Ray v. Weit*, 708 F. App'x 719, 722 (2d Cir. 2017) ("In any event, a factual dispute . . . could not have

The Honorable Ona T. Wong
October 18, 2023
Page 2

been resolved on a motion to dismiss under Rule 12(b)(6).”); *Emergent Cap. Inv. Mgmt., LLC v. Stonepath Grp.*, 343 F.3d 189, 197 (2d Cir. 2003) (similar). Here, Defendants have attempted to circumvent that rule by disguising extrinsic evidence as “an attempt to clarify the issues before the Court.” *Washington v. Garage Mgmt. Corp.*, 2012 WL 4336163, at *1–*2 (S.D.N.Y. Sept. 20, 2012) (“In what I assume is an attempt to clarify the issues before the Court, the moving Defendants have attached a substantial amount of information extraneous to the pleading to their motions to dismiss. Most of it cannot be considered in deciding this motion.”).

Indeed, by improperly submitting this extrinsic evidence to the Court, Defendants bring attention to the fact that this case is not ripe for dismissal due to underlying factual disputes. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 405 (2d Cir. 2015) (resolution of factual dispute inappropriate on motion to dismiss). On October 12, Cassava issued a press release addressing the report attached to Defendants’ letter.[1] Likewise, earlier today, Cassava sent a letter to CUNY identifying the many investigatory shortcomings implicated by the leaked CUNY report, which perhaps may be the reason that the “leaked” report was never finalized or officially issued by CUNY.[2] A copy of that letter is attached hereto as **Exhibit B**. As demonstrated by Cassava’s press release and its letter to CUNY, even if the leaked report is ultimately considered by the finder of fact, it is of minimal probative value to this case. But, at this juncture, the bottom line is that the materials submitted by Defendants Bredt and Pitt represent nothing more than extrinsic factual allegations which are wholly inappropriate for consideration in connection with the pending motions to dismiss.

I thank the Court for its attention to this matter.

Very truly yours,

BENESCH, FRIEDLANDER,
   COPLAN & ARONOFF LLP

J. Erik Connolly

Encls.

---

[1] *See Statement by Cassava Sciences Regarding an Internal CUNY Report Leaked to the Press* (Oct. 13, 2023), *available at* https://www.cassavasciences.com/news-releases/news-release-details/statement-cassava-sciences-regarding-internal-cuny-report-leaked, attached hereto as **Exhibit A**.

[2] Notably, the leak of the CUNY report was preceded by a 40% increase in short selling activity in the stock of Cassava Sciences. (*See* **Ex. A**.)