**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CASSAVA SCIENCES, INC.,**                                 :
                                                            :
                                   Plaintiffs,              :
                                                            :
                      - against -                           :
                                                            :       Case No. 22-cv-9409-GHW-OTW
**DAVID BREDT; GEOFFREY PITT;**                             :
**QUINTESSENTIAL CAPITAL MANAGEMENT**                       :
**LLC; ADRIAN HEILBUT; JESSE BRODKIN;**                     :
**ENEA MILIORIS; and PATRICK MARKEY,**                      :
                                                            :
                                   Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**QUINTESSENTIAL CAPITAL MANAGEMENT LLC'S**
**RESPONSE TO PLAINTIFF CASSAVA SCIENCES, INC.'S OBJECTIONS TO**
<u>**MAGISTRATE JUDGE WANG'S REPORT AND RECOMMENDATION**</u>



**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
500 Fifth Avenue
New York, New York  10110
Telephone:  (212) 986-6000
Facsimile:  (212) 986-8866

*Attorneys for Defendant Quintessential Capital*
*Management LLC*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................1

STANDARD OF REVIEW ....................................................................3

ARGUMENT .................................................................................4

    I.     MAGISTRATE JUDGE WANG CORRECTLY DETERMINED THAT THE QCM STATEMENTS DO NOT CONSTITUTE ACTIONABLE DEFAMATION ................................................................4

         A.     The R&R Applied the Proper Standard of Review Under Rule 12(b)(6) ............................................................4

         B.     The R&R Properly Concluded that the QCM Statements Are Non-Actionable Opinion ................................................6

              1.     The R&R Considered and Thoughtfully Rejected Cassava's Theory of Liability ..................................6

              2.     The R&R Applied the Proper Legal Standard ................9

              3.     The R&R Did Not Err in Declining To Consider Whether QCM's Statements Were Mixed Opinion and Fact .........11

              4.     The R&R Did Not Create a New Immunity for Short Sellers ................................................12

              5.     The R&R Correctly Concluded that QCM's Science-Based Statements Are Not Defamatory ................14

              6.     The R&R Did Not Conclude that QCM's Social Media Posts Are Non-Actionable Opinion *Solely* Because They Were Posted on Twitter ..................................16

    II.    MAGISTRATE JUDGE WANG CORRECTLY FOUND THAT CASSAVA FAILED TO PLEAD ACTUAL MALICE AND CAUSATION ................................................................17

         A.     Cassava Failed To Plausibly Allege Actual Malice ..............17

          B.     Cassava Failed To Plead Causation ............................19

    III.    THE COMPLAINT FAILS TO COMPLY WITH RULE 8 ................22

CONCLUSION ................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................................4, 15

*Baez* v. *Anne Fontaine USA, Inc.*,
    2017 WL 57858 (S.D.N.Y. Jan. 5, 2017) ................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................4

*Biro v. Condé Nast*,
    883 F. Supp. 2d 441 (S.D.N.Y. 2012)....................................................................12

*BYD Co. v. VICE Media LLC*,
    531 F. Supp. 3d 810 (S.D.N.Y. 2021), *aff'd*, 2022 WL 598973 (2d Cir. 2022),
    *cert. denied*, 143 S. Ct. 103 (2022) ......................................................................18

*Chau v. Lewis*,
    935 F. Supp. 2d 644 (S.D.N.Y. 2013), *aff'd*, 771 F.3d 118 (2d Cir. 2014)............11

*Eros Int'l, PLC v. Mangrove Partners*,
    2019 WL 1129196 (N.Y. Sup. Ct. Mar. 8, 2019), *aff'd*, 140 N.Y.S.3d 518
    (N.Y. App. Div. 2021) ........................................................................................5, 13

*Flamm v. Am. Ass'n of Univ. Women*,
    201 F.3d 144 (2d Cir. 2000)...................................................................................10

*Ganino v. Citizens Utils. Co.*,
    228 F.3d 154 (2d Cir. 2000)...................................................................................21

*Gross v. New York Times Co.*,
    82 N.Y.2d 146 (N.Y. 1993) ...................................................................................10

*Hayashi v. Ozawa*,
    2019 WL 1409389 (S.D.N.Y. Mar. 28, 2019) .......................................................10

*Hodges v. Lutwin*,
    595 F. Supp. 3d 12 (S.D.N.Y. 2022), *aff'd*, 2023 WL 3362836
    (2d Cir. May 11, 2023) ..........................................................................................17

*Ifill* v. *N.Y.S. Court Officers Ass'n*,
    655 F. Supp. 2d 382 (S.D.N.Y. 2009).....................................................................7

Table of Authorities Continued

*In re Citigroup Inc. S'holder Derivative Litig.,*
　　788 F. Supp. 2d 211 (S.D.N.Y. 2011) .................................................................21

*Kesner v. Buhl,*
　　590 F. Supp. 3d 680 (S.D.N.Y. 2022), *aff'd sub nom. Kesner v. Dow Jones &
Co.*, 2023 WL 4072929 (2d Cir. 2023) ..............................................................18

*Kumaran v. ADM Inv. Servs., Inc.,*
　　2023 WL 7328136 (S.D.N.Y. Nov. 6, 2023) ........................................................3

*Live Face on Web, LLC v. Five Boro Mold Specialist Inc.,*
　　2016 WL 1717218 (S.D.N.Y. Apr. 28, 2016) .....................................................16

*Milkovich v. Lorain Journal,*
　　497 U.S. 1 (1990) ...............................................................................................9, 10

*MiMedx Grp., Inc. v. Sparrow Fund Mgmt. LP,*
　　2018 WL 847014 (S.D.N.Y. Jan. 12, 2018) ...................................................13, 17

*N.Y. Times Co. v. Sullivan,*
　　376 U.S. 254 (1964) ...............................................................................................2

*ONY, Inc. v. Cornerstone Therapeutics, Inc.,*
　　720 F.3d 490 (2d Cir. 2013) ................................................................................15

*Pioneer Navigation Ltd. v. Chem Equip. Labs, Inc.,*
　　2020 WL 1031082 (S.D.N.Y. Mar. 3, 2020) ........................................................3

*Prince v. The Intercept,*
　　634 F. Supp. 3d 114 (S.D.N.Y. Oct. 6, 2022) ....................................................18

*Silvercorp Metals Inc. v. Anthion Mgmt. LLC,*
　　959 N.Y.S.2d 92 (N.Y. Sup. Ct. 2012) ...............................................................13

*Sorvillo v. St. Francis Preparatory Sch.,*
　　607 F. App'x 22 (2d Cir. 2015) ...........................................................................11

*Valley Elecs., AG v. Polis,*
　　2022 WL 893674 (2d Cir. 2022) ..........................................................................16

*Yangtze River Port & Logistics Ltd. v. Hindenburg Rsch.,*
　　2020 WL 905770 (N.Y. Sup. Ct. Feb. 25, 2020) ................................................13

**Statutes and Rules**

28 U.S.C. § 636(b)(1)(C) .............................................................................................3

Federal Rule of Civil Procedure 8 .............................................................................22

## PRELIMINARY STATEMENT

Defendant Quintessential Capital Management LLC ("QCM") is a New York hedge fund engaging in short activist campaigns based upon its investigating, identifying and reporting on corporate fraud and criminal conduct in publicly traded companies.  As with most short sellers, and more generally with all hedge fund managers, QCM is in the business of analyzing the markets, developing trading strategies based on its investigations and analyses and presenting its opinions to investors.  QCM's Report on Cassava Sciences, Inc. ("Cassava") is just that—a presentation of its opinions based upon QCM's investigation into Cassava, the integrity of its management and its clinical affiliations and, ultimately, Cassava's scientific claims concerning the testing and efficacy of simufilam, which Cassava aggressively touted as a viable treatment for Alzheimer's disease in the context of a fierce public debate with members of the scientific community, including the Citizen Petition Defendants and Dot.Com Defendants.[1]

In addition to a conspicuously bolded statement in red that "**QCM is SHORT the stock of Cassava Sciences (SAVA)**," the QCM Report begins with a prominent disclaimer stating that it reflects the "opinions and projections of [QCM] as of the date of publication, which is subject to change without notice at any time following the date of issue," and that "QCM does not represent that any opinion or projection will be realized."  Moreover, the QCM Report states clearly that "no representation or warranty is made concerning the accuracy of any data presented in this report or its attachments."  As importantly, the investigative findings in the QCM Report are supported by forty-four footnotes and several dozen hyperlinks to external sources which support and amply document any factual statements considered by QCM in formulating its opinions.

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in QCM's moving brief in support of its motion to dismiss the Amended Complaint (the "QCM Br.") (ECF No. 78).

In the Report and Recommendation (the "R&R") (ECF No. 110) issued on January 23, 2024, Magistrate Judge Wang recommended that this Court grant QCM's motion to dismiss in its entirety.  Magistrate Judge Wang properly concluded, after a thorough review and thoughtful analysis of Cassava's 190-page Amended Complaint (the "Complaint" or "FAC") and the more than 100 exhibits annexed thereto, that QCM's statements in the QCM Report and in a series of Twitter posts on QCM's Twitter page (together with the QCM Report, the "QCM Statements") were non-actionable opinion and, therefore, not defamatory.  R&R at 10–15.  As importantly, Magistrate Judge Wang also found that the Complaint failed to plead either actual malice or causation, both requisite elements of a cause of action for defamation and each an independent basis upon which to grant dismissal.  *Id.* at 15–16.

Cassava now denigrates Magistrate Judge Wang's analysis and urges this Court to reject the R&R based on a series of nine overlapping, repetitive and ultimately meritless objections.  Each objection simply reiterates the same arguments made in Cassava's Opposition and fails to offer any proper grounds to challenge the R&R.  Substantively, Cassava's arguments are without merit and present no tenable basis to reject Magistrate Judge Wang's analysis, which is amply supported by Second Circuit precedent, analogous district court decisions, and Cassava's own pleading.

As QCM argued in its moving brief, this litigation is nothing more than a transparent attempt to suppress rigorous scientific debate and deflect attention from Cassava's own misconduct, in direct conflict with our longstanding and "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).  Magistrate Judge Wang similarly noted in the R&R that Cassava's argumentation "suggests that Cassava's lawsuit was instituted to stifle criticism by short sellers."  R&R at 15 n.22.  Cassava has failed to identify any valid objections to Magistrate

- 2 -

Judge Wang's conclusions or cite binding precedent that warrants the rejection of any of Magistrate Judge Wang's findings in the R&R, and Cassava's effort to squelch public debate by retaliating against its critics in this Court should be rejected. Accordingly, we respectfully urge that the R&R be adopted in all respects and the Complaint be dismissed in its entirety.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, 'those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Pioneer Navigation Ltd. v. Chem Equip. Labs, Inc.*, 2020 WL 1031082, at *3 (S.D.N.Y. Mar. 3, 2020) (Woods, J.) (quoting 28 U.S.C. § 636(b)(1)). Where, as here, "'the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.'" *Id.* (quoting *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 2008 U.S. Dist. LEXIS 92267, at *1 (S.D.N.Y. Nov. 3, 2008)) ("'Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal.'"). "'[T]he purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge.'" *Kumaran v. ADM Inv. Servs., Inc.*, 2023 WL 7328136, at *1 (S.D.N.Y. Nov. 6, 2023) (Woods, J.) (quoting *Johnson v. Artus*, 2009 WL 1505177, at *1 (S.D.N.Y. May 28, 2009)).

**ARGUMENT**

I.    **MAGISTRATE JUDGE WANG CORRECTLY DETERMINED THAT THE QCM STATEMENTS DO NOT CONSTITUTE ACTIONABLE DEFAMATION**

**A.  The R&R Applied the Proper Standard of Review Under Rule 12(b)(6)**

In a thinly veiled attempt to induce this Court to perform a *de novo* review of the R&R in its entirety, Cassava incorrectly asserts that Magistrate Judge Wang "violated the standard of review for a Rule 12(b)(6) motion by drawing inferences and weighing allegations against Cassava," an error which purportedly "permeates every aspect of the recommendation."  Obj. at 2.  To the contrary, Magistrate Judge Wang applied the correct standard, following established Supreme Court jurisprudence which requires the Court to accept only *well-pleaded* allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); R&R at 9–10 (stating that "'[l]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'") (quoting *Iqbal*, 556 U.S. at 678).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Magistrate Judge Wang did not err by evaluating the plausibility of Cassava's allegations of wrongdoing, as "[a]sking for plausible grounds to infer [the existence of a fact] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Id.* at 556.  The requirement that a plaintiff plead sufficient facts to meet the plausibility standard applies notwithstanding the voluminous record placed before Magistrate Judge Wang, which included over 100 exhibits appended to Cassava's prolix 495-paragraph Complaint.

Cassava erroneously claims in broad strokes that "[t]hroughout the R&R, the Magistrate Judge assumes that every statement in the QCM Report was true" while "Cassava's allegations in

the FAC did not receive the same courtesy." Obj. at 10. Cassava cites a series of statements made by QCM regarding Cassava that were "specifically addressed" in the Complaint, asserting that it also pleaded "the reasons they are false," and that Magistrate Judge Wang was required to "assume the truth of Cassava's allegations" but instead "discounts them entirely." *Id.* at 8–10. Contrary to Cassava's assertions, Magistrate Judge Wang did not assume that *any* statement made by QCM was true. Rather, the Court agreed with QCM's argument that Cassava not only failed to plausibly plead falsity as to each allegedly defamatory statement, but instead affirmatively *conceded* the truth of many of the QCM Statements, or proffered benign alternative explanations for the facts presented. *See* QCM Br. at 10 & n.8. The R&R merely confirms what is already apparent—namely, that to the extent the QCM Statements are factual, these facts were not disputed by Cassava in the Complaint or in Cassava's own briefing. *See* R&R at 12–13 ("In other words, even Cassava admits that any negative conclusion about Cassava is a broad inference that could be drawn by a reasonable reader from truthful statements in the QCM Report.") (citing *Milkovich v. Lorain Journal*, 497 U.S. 1, 11–14 (1990); *Gross v. New York Times Co.*, 82 N.Y.2d 146, 153–54 (N.Y. 1993)). Analyzing the veracity of facts underlying the QCM Statements is entirely consistent with the "substantial truth" standard (*see* QCM Br. at 7–10), and certainly did not amount to "weighing the evidence in favor of the defendant" or "assum[ing] that every statement in the QCM Report was true." Obj. at 10.

Rule 12(b)(6) does not require that Magistrate Judge Wang ignore the obvious and take Cassava's word that the QCM Statements were false and defamatory. *See Eros Int'l, PLC v. Mangrove Partners*, 2019 WL 1129196, at *8 (N.Y. Sup. Ct. Mar. 8, 2019), *aff'd*, 140 N.Y.S.3d 518 (N.Y. App. Div. 2021) (rejecting plaintiff's allegations "target[ing] the articles' conclusions and critiqu[ing] their authors' methodologies but [] not disput[ing] the underlying facts"). This is

especially true here, where Magistrate Judge Wang was careful to note in the R&R that the substantial truth of QCM's statements regarding the incentives and *bona fides* of Cassava's management, as well as the irregularities concerning IMIC personnel and simufilam's clinical trials, is supported in the QCM Report through the extensive footnoting of source material and an elaborate series of hyperlinks to publicly available records.

Cassava's argument that this purported "error undergirds nearly every recommendation" and "strikes at the heart of a court's duty in ruling on a 12(b)(6) motion" (Obj. at 10) is pure sophistry. There is no rational basis to conclude that Magistrate Judge Wang's findings pertaining to the undisputed nature of facts articulated in a discrete subset of the QCM Statements had any impact on the remaining analyses in the R&R, including whether the QCM Statements constitute opinion or whether Cassava has plausibly pleaded actual malice or causation. *See id.* (stating in conclusory fashion that "the R&R fails to assume the pleaded facts as true in connection with" all other objections). In short, this objection grossly distorts the findings in the R&R, misstates the applicable legal standard, and should be rejected.

## B.   The R&R Properly Concluded that the QCM Statements Are Non-Actionable Opinion

Cassava identified a sequence of purported additional errors in the R&R, claiming that each requires this Court to perform a *de novo* review. Yet each of these points was in fact considered, and rejected, by Magistrate Judge Wang. Cassava raises nothing new in its Objections and simply seeks to relitigate the motion to dismiss. Respectfully, Magistrate Judge Wang's conclusions should be reviewed for clear error only.

### 1.   The R&R Considered and Thoughtfully Rejected Cassava's Theory of Liability

First, Cassava argues that "the R&R fails to address Cassava's theory of liability against QCM," namely, "that the overall message conveyed by QCM in its statements was that Cassava is

- 6 -

a fraud." Obj. at 2, 11.[2]  The R&R clearly reflects that Magistrate Judge Wang undertook the substantial effort of wading through Cassava's prolix Complaint and concluded that the QCM Statements were non-actionable opinion.  Magistrate Judge Wang noted at the outset that the QCM Report "clearly identified QCM as a hedge fund engaged in short-selling, and was replete with disclaimers and cautionary language throughout," and found that "such market analyst reports and investment analysis are generally considered non-actionable opinion."  R&R at 11.  Although Magistrate Judge Wang noted that "[t]his alone should be sufficient for dismissal of the defamation claim arising from statements in the QCM Report" (*id.*), she nevertheless addressed the QCM Statements in three separate categories and analyzed whether each category, independently, was defamatory or constituted non-actionable opinion.

First, the R&R found that the QCM Statements did not give rise to a defamation claim to the extent those statements were "commenting on, discussing, reporting, or opining on the Citizen Petition and FDA Letters, and the Dot.Com Defendants' presentations or letters to the FDA" for the same reasons set forth in the Reports and Recommendations issued in connection with those defendants' motions to dismiss (ECF Nos. 104 and 105, respectively).  *See* R&R at 11.

Second, the R&R found that QCM's statements about clinical trials and personnel of Cassava and IMIC were either factually true because Cassava did not allege they were false (*see*

---

[2] Cassava argues that QCM made both "statements and implications" that Cassava alleged "are ***not*** true, including by alleging the lack of any evidence or any indicia of wrongdoing or manipulation by Cassava."  Obj. at 11.  To the extent this objection is an attempt by Cassava to argue "defamation by implication," the Complaint states no such claim.  As set forth in QCM's reply in further support of its motion to dismiss (the "QCM Reply" or "QCM Reply Br."), Cassava cannot be permitted to "amend [its] complaint to add new claims by raising them for the first time in [its] motion papers."  *Ifill* v. *N.Y.S. Court Officers Ass'n*, 655 F. Supp. 2d 382, 393 (S.D.N.Y. 2009); *Baez* v. *Anne Fontaine USA, Inc.*, 2017 WL 57858, at *6 (S.D.N.Y. Jan. 5, 2017); QCM Reply Br. at 2–3.  In any event, Cassava fell far short of making the "especially rigorous showing" required to plead defamation by implication, particularly given that Cassava pleaded no allegations concerning any false innuendo imparted by QCM's statements or that QCM intended or endorsed such an inference.  *See* QCM Reply Br. at 2–3 (quoting *Biro v. Condé Nast*, 883 F. Supp. 2d 441, 466 (S.D.N.Y. 2012)).

*supra* Section I.A.) or otherwise constituted non-actionable opinion.  The R&R states that "[i]n Cassava's own briefing, Cassava writes that the various critical (but unchallenged) assertions about Cassava and IMIC personnel would lead a 'reasonable reader' to conclude that 'Cassava is a fraud'" and that "[i]n other words, even Cassava admits that any negative conclusion about Cassava is a broad inference that could be drawn by a reasonable reader from truthful statements in the QCM Report."  *See* R&R at 12–13 (citing *Milkovich*, 497 U.S. at 11–14; *Gross*, 82 N.Y.2d at 153–54).

Finally, the R&R found that QCM's social media posts "are not actionable: they are opinions, and Cassava disagrees with their content."  R&R at 13–14.  Magistrate Judge Wang stressed that many of the QCM Statements are "presented without context and are either factual or make no reference to Cassava at all" (*see id.* & n.19), but held that "[e]ven the most critical tweets, which suggest market manipulation but are not obviously linked to Cassava, are not actionable" because "'[e]ven accusations of criminal behavior are not actionable if, understood in context, they are opinion rather than fact.'"  *Id.* at 14 (quoting *Hayashi v. Ozawa*, 2019 WL 1409389, at *2–5 (S.D.N.Y. Mar. 28, 2019)).  In the final analysis, having reviewed all of the allegedly defamatory QCM Statements, Magistrate Judge Wang determined that "QCM's rhetorical and hyperbolic statements . . . on a social media platform its owner claims to function as a 'common digital town square, where a wide range of beliefs can be debated in a healthy manner' would be understood by an ordinary reader as pure opinion," and that "[r]ead together with the QCM Report, which is full of disclaimers and caution, it is clear that these tweets, if directed at Cassava, constitute QCM's investment analysis and criticism."  *Id.* at 14–15.

Casava's irresponsible assertion that Magistrate Judge Wang did not consider each of the QCM Statements in rendering the R&R is squarely belied by a footnote (which Cassava ignores)

stating that Magistrate Judge Wang had reviewed Appendix A to Cassava's Opposition (the "Opp.") (ECF Nos. 88 and 88-1), "a 59-page chart of QCM's allegedly defamatory statements, paired with citations to the FAC where Plaintiff alleges that they have pleaded falsity," and that "[e]ven taken out of context, the statements are plainly opinion." R&R at 15 n.21. There is no basis to conclude that Magistrate Judge Wang did not conduct such a review in forming her recommendations to the Court regarding each of the alleged defamatory statements.

Cassava posits that the R&R "ignores that there is a long history of legal precedent holding that statements falsely accusing a plaintiff of fraud or fraudulent activity are actionable." *See* Obj. at 12 & n.3.[3] Not so. The fact that the R&R does not cite these factually distinguishable and inapposite decisions is in no way persuasive, particularly given Magistrate Judge Wang's citation to an established line of applicable precedent holding that "[e]ven accusations of criminal behavior are not actionable if, understood in context, they are opinion rather than fact." *See* R&R at 14 (quoting *Hayashi*, 2019 WL 1409389, at *2–5 (collecting cases)); *see also* QCM Br. at 15–16. Magistrate Judge Wang clearly considered—and rejected—Cassava's "theory of liability."

### 2. The R&R Applied the Proper Legal Standard

Cassava further argues that the R&R's finding that the QCM Statements were non-actionable opinion was erroneous because it "fails to utilize the test proscribed [*sic*] by the New York and United States Supreme Courts for determining whether a statement would be understood by the reasonable reader to be one of fact or opinion." Obj. at 3, 13–14. Cassava seems to be claiming that Magistrate Judge Wang ignored the tests articulated by the United States Supreme Court in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990), and by the New York Court of

---

[3] Two of the three cases purportedly ignored in the R&R were distinguished in detail in the QCM Reply. *See* QCM Reply Br. at 5 & n.9 (distinguishing inapposite cases cited by Cassava, including *Levy v. Nissani*, 179 A.D.3d 656 (N.Y. App. Div. 2020) and *Coliniatis v. Dimas*, 848 F. Supp. 462 (S.D.N.Y. 1994)).

Appeals in *Gross v. New York Times Co.*, 82 N.Y.2d 146 (N.Y. 1993), because she did not conduct a factor-by-factor analysis for "any, let alone each, of the defamatory statements."[4] Obj. at 3.

It is important to note at the outset that the R&R *does* cite both *Milkovich* and *Gross* in reaching the conclusion that the QCM Statements were non-actionable opinion, making clear that Magistrate Judge Wang engaged in the proper analysis. *See* R&R at 13. The court's analysis is not required to, nor should it, "consist of a mechanical enumeration of each factor" (*Flamm v. Am. Ass'n of Univ. Women*, 201 F.3d 144, 153 (2d Cir. 2000)), but rather "should look to the over-all context in which the assertions were made and determine on that basis 'whether the reasonable reader would have believed that the challenged statements were conveying facts about the libel plaintiff.'" *See Hayashi*, 2019 WL 1409389, at *3 (quoting *Flamm*, 201 F.3d at 153). Regardless, this objection is undermined directly by the R&R, which states specifically that Magistrate Judge Wang reviewed each purportedly defamatory statement made by QCM, in addition to the sections of the Complaint that Cassava alleged demonstrated their falsity, and determined that "[e]ven taken out of context, the statements are plainly opinion." R&R at 15 n.21. In short, Magistrate Judge Wang undertook the exact analysis required in considering whether the QCM Statements were non-actionable opinion. Cassava simply is unhappy with the result.

Exactly as it did in its Opposition, Cassava attempts to recharacterize all of QCM's opinions as facts by quoting a Twitter post by Gabriel Grego, the sole member of QCM, in which he stated, "If you bother reading the report . . . you will see that it is factual and matter of fact." *See* Obj. at 15–16; Opp. at 12–13. Cassava misleadingly again omits that this Twitter post is the last in a five-day exchange referring to specific statements in the QCM Report about the criminal history of Aimee Cabo, co-owner of IMIC. *See* FAC, Ex. 8 at 14;

---

[4] Interestingly, Cassava did not even cite *Milkovich* in its Opposition.

https://twitter.com/GabrielGrego14/status/1569357759360122881.  Nowhere does Cassava claim that statements regarding Ms. Cabo were false, and in this fuller context, Mr. Grego's Twitter post did not in fact state that the QCM Report was entirely "factual."  Even if Cassava had not been aware of this context when it filed its Opposition, it was made aware in the QCM Reply, so the repetition of this specious argument in the Objections is pointless and suggests that Cassava is trying affirmatively to mislead this Court.  *See* QCM Reply Br. at 6.

### 3.   The R&R Did Not Err in Declining To Consider Whether QCM's Statements Were Mixed Opinion and Fact

Cassava argues that the R&R "wholly fails to analyze whether the statements are actionable mixed opinion."  Obj. at 17.  Given Magistrate Judge Wang's conclusion that the QCM Statements were either factually true or non-actionable opinion, it was not error to decline to engage in what would amount to a superfluous analysis of whether those same statements constituted mixed opinion and fact.  Cassava's objection relies on a mischaracterization of both the R&R and applicable law.

A plaintiff may maintain a mixed opinion-fact defamation claim only where the defendant "makes otherwise non-actionable statements of opinion," but (1) "the statement of opinion implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it" (*Sorvillo v. St. Francis Preparatory Sch.*, 607 F. App'x 22, 24 (2d Cir. 2015)), or (2) "a plaintiff challenges the opinions *and* the facts" (*see Chau v. Lewis*, 935 F. Supp. 2d 644, 659 (S.D.N.Y. 2013), *aff'd*, 771 F.3d 118 (2d Cir. 2014)).  Cassava argues that "the QCM Report is replete with instances" in which readers were "led to believe that the opinion [wa]s based on undisclosed facts" or "the underlying facts in the publication [we]re false."  Obj. at 17– 18.  But QCM repeatedly disclosed the publicly-available basis for its statements.  "Courts have consistently held that when an author fully sets forth the factual basis for a particular view (and that factual basis is not

challenged as false), then the author's conclusion constitutes nonactionable opinion." *Biro*, 883 F. Supp. 2d at 468; *see also* QCM Br. at 12–13.

As explained *supra* Sections I.A-B.2, the R&R considered each of the QCM Statements and Cassava's allegations as to their falsity and concluded that Cassava had failed to meet its pleading burden. Cassava's allusion to "undisclosed facts" on which the QCM Report was based fares no better. Cassava merely recycles the same weak points it made in its Opposition, the majority of which relate to purportedly undisclosed *sources* of facts, rather than the facts themselves. For example, Cassava again argues that the QCM Report "claims to rely on 'multiple expert opinions' it obtained from 'industry leaders' and 'consultants hired by QCM,' but only discloses two." Obj. at 18; Opp. at 17. As set forth in the QCM Reply, "multiple" means "more than one," and "two" falls comfortably within that definition.[5] *See* QCM Reply Br. at 7. Cassava again cites to QCM's description of an "anonymous" post in the comments section of the Citizen Petition on the FDA's website, despite the fact that QCM included a hyperlink taking readers directly to the post itself. *Id.* Cassava even reiterates its concern with QCM's reference to a "research center," despite the fact that QCM *named and included photographs of the research centers*. *Id.* This objection is yet another attempt to relitigate the motion to dismiss without pointing to any actual error made by Magistrate Judge Wang.

### 4. The R&R Did Not Create a New Immunity for Short Sellers

Cassava's argument that the R&R "erroneously seeks to avoid employing the proper test for evaluating whether statements are 'pure opinions' by assuming wholesale immunity for short sellers who identify themselves as such" (Obj. at 3, 19–20) has absolutely no foundation in the text of the R&R and should be roundly rejected.

---

[5] *See* "Multiple," Merriam-Webster, available at https://www.merriam-webster.com/dictionary/multiple.

In determining that QCM's statements contained in the QCM Report were non-actionable opinion, Magistrate Judge Wang correctly cites the general rule in this district that "such market analyst reports and investment analysis are generally considered non-actionable opinion," and thereafter noted that "[t]his alone *should be* sufficient for dismissal of the defamation claim arising from statements in the QCM Report." R&R at 11 (emphasis added). The R&R is correct in this regard, as courts in New York have consistently held that market analyst reports and investment advice, including by short sellers, are non-actionable opinion. *See, e.g.*, *MiMedx Grp., Inc. v. Sparrow Fund Mgmt. LP*, 2018 WL 847014, at *7 (S.D.N.Y. Jan. 12, 2018) ("defamation law cannot be used to deter 'would-be critics' from voicing their criticism as there is 'a need for information concerning, the stock market in general or the successes, failures or manipulations of specific corporations in which thousands of people have invested their personal fortunes'"); *Eros Int'l, PLC*, 2019 WL 1129196, at *6–10 (dismissing defamation claims and finding that articles, reports, and Twitter posts published by defendants, including short sellers, expressed opinions); *Silvercorp Metals Inc. v. Anthion Mgmt. LLC*, 959 N.Y.S.2d 92, at *7–12 (N.Y. Sup. Ct. 2012) (considering letters and postings by defendant short sellers as a whole and finding that statements about plaintiff were nonactionable opinion); *Yangtze River Port & Logistics Ltd. v. Hindenburg Rsch.*, 2020 WL 905770, at *7 (N.Y. Sup. Ct. Feb. 25, 2020) ("[C]ourts frequently determine that investment analysis, such as that presented in the Report, constitutes the author's opinion.").

But the R&R did not conclude its analysis there. In fact, Magistrate Judge Wang proceeded to review "a 59-page chart of QCM's allegedly defamatory statements, paired with citations to the FAC where Plaintiff alleges that they have pleaded falsity" and analyzed whether these statements constituted non-actionable opinion, ultimately finding that "[e]ven taken out of context, the statements are plainly opinion." R&R at 12–15 & n.21. The R&R in no way suggests that

Magistrate Judge Wang created "a wholesale exception" from liability for defamation or "immunity" for statements made by short sellers.[6]

### 5. The R&R Correctly Concluded that QCM's Science-Based Statements Are Not Defamatory

As summarized *supra* Section I.B.1, the R&R concludes that the QCM Statements did not give rise to a defamation claim to the extent those statements were "commenting on, discussing, reporting, or opining on the Citizen Petition and FDA Letters, and the Dot.Com Defendants' presentations or letters to the FDA" for the same reasons set forth in the Reports and Recommendations issued in connection with those defendants' motions to dismiss. *See* R&R at 11–12. Cassava incorporated by reference its objections to those Reports and Recommendations, and QCM is constrained now to incorporate by reference the thorough responses to Cassava's objections submitted by Drs. David Bredt and Geoffrey Pitt and by Drs. Jesse Brodkin, Adrian Heilbut, and Enea Milioris (ECF Nos. 112 and 113, respectively). But Cassava does not stop there—it goes so far as to accuse Magistrate Judge Wang of "grant[ing] short sellers free reign to falsely accuse companies engaged in scientific endeavors of fraud and criminal activity." Obj. at 21. This distortion of Magistrate Judge Wang's conclusion is wholly inappropriate, particularly in light of the measured reasoning and legal analysis contained in the R&R.

There is no legal basis to support Cassava's position that the protection of "scientific debate" should not be extended to the QCM Statements merely because "QCM was *not* (1) publishing in a scientific journal subject to peer-review, (2) directing its message to scientists, or (3) positing inferences about the scientific conclusions to be drawn from the analysis of

---

[6] As set forth *supra* Section I.B.2, Cassava seeks to strip a single Twitter post by QCM's sole member of all context to demonstrate that the QCM Report was entirely "factual" and cannot be treated as opinion simply because QCM is a short seller. Again, context makes clear that the Twitter post did not in fact make such a broad statement, but rather was referring to specific statements within the Report.

experimental data." *Id.*  This argument was already raised and rejected in the context of Cassava's

Opposition and represents another instance of Cassava seeking to relitigate the underlying motion.

As set forth in the QCM Reply, *ONY, Inc. v. Cornerstone Therapeutics, Inc.* contains no exception

for situations where, as here, a nonscientist wades into an ongoing scientific debate.  720 F.3d 490

(2d Cir. 2013).   Rather, the Second Circuit expressed its view that "while statements about

contested and contestable scientific hypotheses constitute assertions about the world that are in

principle matters of verifiable 'fact,' for purposes of the First Amendment and the laws relating to

fair competition and defamation, they are more closely akin to matters of opinion."  *Id.* at 497; *see*

QCM Reply Br. at 3 & n.5.   It is Cassava, not Magistrate Judge Wang, that misinterprets *ONY* by

asserting that its holding applies only to statements made *by scientists*.[7]  In the final analysis,

"[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*,

556 U.S. at 679.  It should not be ignored that QCM published the QCM Report in the midst of a

hotly contested debate within the scientific community concerning Cassava's scientific testing

methodology and the efficacy of its purported treatment for Alzheimer's disease.   Though the

QCM Report was perhaps intended for a different audience, the public nature of the scientific

debate initiated by Cassava's flurry of press releases concerning the purported efficacy of its

Alzheimer's drug was a topic of immense interest in the securities markets as well as the scientific

community.  The R&R correctly concluded that the QCM Statements easily fit within the holding

in *ONY* and are not actionable regardless of who asserts them or the forum in which they were

asserted.

---

[7] The logical implication of Cassava's argument is that non-actionable statements by scientists somehow can become actionable *when repeated by non-scientists*.  We are not aware of any case in this Circuit that so holds.

**6. The R&R Did Not Conclude that QCM's Social Media Posts Are Non-Actionable Opinion *Solely* Because They Were Posted on Twitter**

Cassava argues that Magistrate Judge Wang's conclusion that QCM's social media posts constitute non-actionable opinion is based solely on the fact "[t]hat the publications were posted online and used strong language." Obj. at 21–22. This is yet another egregious mischaracterization of the R&R, as none of Magistrate Judge Wang's findings pivot *solely* on the forum in which the QCM Statements were made.

Cassava's argument that "New York courts have regularly found publications posted online to be actionable where the context and language of the posts suggest that they are asserting facts, not opinions" ignores the facts in this case and the context of the QCM Statements, is misleading, and should be given short shrift. *See* Obj. at 22. Cassava declines to grapple with the authorities cited in both the R&R and in QCM's moving papers in which social media posts have been determined to constitute non-actionable opinion *in part* because social media sites are "typically regarded by the public as . . . vehicle[s] for the expression of individual opinion rather than the rigorous and comprehensive presentation of factual matter." *Valley Elecs., AG v. Polis*, 2022 WL 893674, at *2 (2d Cir. 2022) (alteration in original); *see also Live Face on Web, LLC v. Five Boro Mold Specialist Inc.*, 2016 WL 1717218, at *3 (S.D.N.Y. Apr. 28, 2016) (finding that the use of Twitter to disseminate publications "suggest[ed] to readers that they contain opinions, not facts"); R&R at 14 (citing *Ganske v. Mensch*, 480 F. Supp. 3d 542, 552–53 (S.D.N.Y. Aug. 20, 2020)).

As set forth *supra* Sections I.B.1–5, Magistrate Judge Wang meticulously addressed the QCM Statements, including those made on social media, under three distinct categories and analyzed whether each category, independently, constituted statements of fact or statements of non-actionable opinion. Magistrate Judge Wang noted that "*[e]ven taken out of context*, the statements are plainly opinion." R&R at 12–15 & n.21 (emphasis added). The R&R found that

- 16 -

many of QCM's statements on Twitter "are presented without context and are either factual or make no reference to Cassava at all," and that "[e]ven the most critical tweets, which suggest market manipulation but are not obviously linked to Cassava, are not actionable" because "it is clear that these tweets, if directed at Cassava, constitute QCM's investment analysis and criticism." R&R at 13–15. Cassava makes no effort to engage with these findings or the hyperbolic nature of the QCM Statements in social media posts. Instead, Cassava once again directs its arguments at a straw man: a legal conclusion that Magistrate Judge Wang did not actually reach.

There is absolutely no indication in the R&R that Magistrate Judge Wang intended to hold broadly that social media posts, no matter their content, are non-actionable opinion. This objection should be rejected.

## II.    MAGISTRATE JUDGE WANG CORRECTLY FOUND THAT CASSAVA FAILED TO PLEAD ACTUAL MALICE AND CAUSATION

### A.    Cassava Failed To Plausibly Allege Actual Malice

"[A]ctual malice is a measure of the defendant's attitude toward the truth, not his attitude toward the plaintiff," and "allegations of a defendant's bias or 'hostility fail plausibly to establish . . . actual malice.'" *MiMedx Grp., Inc.*, 2018 WL 847014, at *8. Cassava's sole substantive allegation concerning actual malice is that QCM held a short position in Cassava's stock and published its Report "so that QCM could make money." Opp. at 20. This alone will not suffice. Notwithstanding Cassava's voluminous pleading, there is no plausible allegation that QCM had actual, subjective doubts about the truth of its statements. Cassava has failed to plead any facts suggesting QCM harbored such doubts, which is fatal to its claims. *See MiMedx Grp., Inc.*, 2018 WL 847014, at *8 (holding short seller did not have actual malice in publishing article about shorted company and recommending that the motion to dismiss be granted); *Hodges v. Lutwin*, 595 F. Supp. 3d 12, 21 (S.D.N.Y. 2022), *aff'd*, 2023 WL 3362836 (2d Cir. May 11, 2023)

- 17 -

(dismissing defamation claims after rejecting contention that defendants had motivation for defamation because they were competitors of the plaintiffs); *Prince v. The Intercept*, 634 F. Supp. 3d 114, 140 (S.D.N.Y. Oct. 6, 2022) (finding "allegation[s] about improper political or personal biases do not establish actual malice without additional facts to suggest that the speaker acted pursuant to that bias") (alteration in original).

Cassava's assertion that "[t]he R&R appears to be imposing a higher standard of pleading on Cassava—one that would require it to assert direct evidence of QCM's knowledge at the time of publication"—is entirely unfounded. The R&R simply applies the exacting standard already applicable to allegations of actual malice, which is "a difficult standard to meet, and quite purposefully so." *Kesner v. Buhl*, 590 F. Supp. 3d 680, 693–94 (S.D.N.Y. 2022), *aff'd sub nom. Kesner v. Dow Jones & Co.*, 2023 WL 4072929 (2d Cir. 2023). "[T]he operative question is whether a defendant failed to investigate in the face of 'actual, subjective doubts as to the accuracy of the story.'" *BYD Co. v. VICE Media LLC*, 531 F. Supp. 3d 810, 827 (S.D.N.Y. 2021), *aff'd*, 2022 WL 598973 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 103 (2022) (quoting *Biro v. Condé Nast*, 963 F. Supp. 2d 255, 278 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015)). Magistrate Judge Wang analyzed each allegedly defamatory statement cited by Cassava in Appendix A to its Opposition, as well Cassava's citations to the sections of the Complaint where Cassava claims it pleaded allegations of actual malice, and correctly concluded that those allegations fell short of this exacting standard. Magistrate Judge Wang rejected Cassava's "circular argument that because QCM's statements are 'false,' QCM must have 'entertained serious doubts as to the truth of their publication,'" and found that Cassava's assertion that "'no evidence' exists for the inferences that were drawn by QCM" was conclusory, particularly given "the cited and sourced reports and letters to the FDA that form the basis of the defamation claims in this case." R&R at 15. Given that the

Complaint is palpably devoid of well-pleaded facts demonstrating that QCM had subjective doubts about the truth of its statements, Magistrate Judge Wang reached the conclusion that Cassava failed to plead actual malice under the applicable pleading standards.  Having the benefit of the scientific critiques published by the Citizen Petition and the Dot.Com scientists, it would be illogical and manifestly unfair to presume that QCM must have entertained serious doubts as to the truth of their publication.

Cassava repeatedly refers to QCM's in-depth study and thorough investigation of Cassava elsewhere in its Objections (*see* Obj. at 10, 16–17), yet ignores these facts in its actual malice argument.  Cassava acknowledges that QCM disclosed it had performed an extensive "in-depth study into Cassava" prior to publishing the QCM Statements, "including infiltration of undercover investigators into [Cassava's] clinical research centers, surveillance of its research facilities, background checks on the actors involved, and multiple expert opinions from industry leaders," research that is repeatedly cited, thoroughly sourced and disclosed throughout QCM's statements. *See* FAC, Ex. 8 at 4, 7–8; QCM Br. at 21–22.  In light of this, Cassava cannot plausibly allege either that QCM failed to investigate its statements before making them, or that the QCM Statements lacked a clearly disclosed factual basis.  The fact that Cassava fiercely denied the allegations of scientific misconduct does not mean that QCM maintained any measure of doubt in publishing the QCM Statements.[8]

**B.  Cassava Failed To Plead Causation**

Cassava's argument that the R&R failed to address its causation arguments, including by "fail[ing] to address Cassava's claim of defamation *per se*" and "disregard[ing] Cassava's damages

---

[8] Again, inasmuch as Cassava seeks to incorporate its prior Objections to the Report & Recommendation recommending dismissal against the Citizen Petition Defendants, QCM is obliged to incorporate by reference the Citizen Petition Defendants' Responses (ECF No. 112).

allegations" (Obj. at 24–25) completely misses the mark.  As with each preceding objection, Cassava grossly distorts the meaning of the conclusions reached in the R&R in an effort to obtain a second bite at the apple and reargue the motion to dismiss.  It should not be permitted to do so.

As an initial matter, Magistrate Judge Wang did not need to reach the question of whether QCM's statements constituted defamation *per se*, as the R&R concluded that *none of the statements were defamatory at all*.  As with Cassava's objection based on Magistrate Judge Wang's purported failure to analyze whether the QCM Statements constituted mixed opinion and fact (*see supra* Section I.B.3), Magistrate Judge Wang was not required to engage explicitly in what would amount to a superfluous analysis.  Her not doing so is a non-event and certainly not a basis to overturn her reasoned analysis and conclusions.

Moreover, the R&R properly concluded that "in the days following the publication of the QCM Report, Cassava's stock price actually increased," and that Cassava failed to "tie[] any of QCM's social media statements (even if they were actionable) to any change in Cassava's stock price or any other injury."  R&R at 15–16.  As Magistrate Judge Wang summarized, "conclusory assertions of harm because of Cassava's dislike of criticism are not sufficient to lead to a plausible inference of causation."  *Id.* at 16.  In response, Cassava vaguely asserts that the Complaint "specifically alleged that Cassava's enterprise value declined because of QCM's statements," (Obj. at 24–25), but cites only to a single paragraph in the Complaint that in turn states in conclusory fashion that the defendants' collective "branding of Cassava as a fraud significantly diminished its business value and prospects."  FAC ¶ 433.  Cassava further claims that it "incurred (and will continue to incur) specific out-of-pocket expenses and losses arising from damage to Cassava's reputation caused by QCM's statements."  Obj. at 25–25.  In support, Cassava again cites a series of allegations lobbed at *all defendants*, claiming that it suffered nonspecific harm to its reputation

and expected to suffer future damages as a result of the defendants' undifferentiated statements. *See* FAC ¶¶ 436–38.  In fact, Cassava claims that the QCM Statements somehow were "a substantial factor" in causing shareholders to bring a lawsuit against Cassava *months before* any of the statements attributable to QCM were made.  *See id.* ¶ 438.  These allegations fall far short of alleging that QCM caused any injury to Cassava.

Cassava's Objections do not address the fact that according to Cassava's own pleading, the alleged "disinformation campaign" began in August 2021, when Cassava's stock price had reached a record high, and that "QCM joined the disinformation campaign" on November 3, 2021, after which the price of Cassava stock *increased* in the days following publication of the QCM Report. *Id.* ¶¶ 117-39; QCM Br. at  24.  Instead, Cassava disingenuously claims that Magistrate Judge Wang "was required to accept as true Cassava's allegation that as a result of QCM's statements, Cassava's stock went from trading at over $100 per share to under $50 per share" (Obj. at 25) despite the fact that its share price almost doubled days after the QCM Report was published. Although Cassava's historical stock price data was not attached to the Complaint, it is well-settled that "the district court may take judicial notice of well-publicized stock prices without converting the motion to dismiss into a motion for summary judgment."  *Ganino v. Citizens Utils. Co.*, 228 F.3d 154 (2d Cir. 2000).  Cassava does not even argue that the historical stock price data cited in the R&R is inaccurate, but rather that Magistrate Judge Wang should have *ignored* that data and blindly accepted as true Cassava's contradictory (and demonstrably false) allegations.  This is nonsense.  *See In re Citigroup Inc. S'holder Derivative Litig.*, 788 F. Supp. 2d 211, 213 (S.D.N.Y. 2011) ("A court accepts the truth of the facts alleged in the complaint . . . . [b]ut that acceptance need not extend to allegations 'contradicted by . . . materials amenable to judicial notice.'") (quoting *In re Yukos Oil Co. Sec. Litig.*, 2006 WL 3026024, at *12 (S.D.N.Y. Oct. 25, 2006)).

- 21 -

Cassava's failure to plead actual malice and causation provides the Court with two independent bases to dismiss the Complaint as to QCM.

## III.   THE COMPLAINT FAILS TO COMPLY WITH RULE 8

QCM's arguments regarding Cassava's failure to comply with Federal Rule of Civil Procedure 8, which incorporate by reference arguments made by Drs. Bredt and Pitt (QCM Br. at 25), were not considered in the R&R and further support dismissal in the event the Court undertakes a *de novo* review (although QCM submits that it should not).  As set forth in QCM's moving brief, the extreme prolixity of the Complaint—spanning nearly 190 pages and 500 multi-sentence paragraphs, and coupled with over 100 exhibits extensively referenced in the Complaint—runs afoul of Rule 8's requirement that Cassava provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and that the allegations "be simple, concise, and direct."  Cassava's failure to comply with Rule 8 provides yet another independent basis to dismiss Cassava's claim against QCM.

## CONCLUSION

The R&R makes clear that Magistrate Judge Wang conducted a rigorous analysis of Cassava's allegations and the parties' arguments for and against dismissal.  For the reasons set forth herein, the Court should adopt the R&R in full and dismiss the Complaint with prejudice.

_____

David M. Levy
Joshua K. Bromberg
Alisa Benintendi
Kleinberg, Kaplan, Wolff & Cohen, P.C.
500 Fifth Avenue
New York, NY 10110

*Attorneys for Defendant Quintessential Capital Management LLC*