

Isaac B. Zaur
izaur@cgr-law.com
Direct: 212.633.4314

**By ECF**  May 7, 2024

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Cassava Sciences, Inc. v. Bredt,* et al., No. 22-cv-09409-GHW-OTW

Dear Judge Wang:

  We represent Defendants Jesse Brodkin, Adrian Heilbut, and Enea Milioris in the above-referenced matter.  We write to respectfully request (i) an extension of Defendants' time to respond to the Second Amended Complaint (Dkts. 120-126, "SAC") filed on April 29, 2024; and (ii) permission to file a brief of up to 50 pages in support of Defendants' anticipated motion to dismiss the SAC (although we will endeavor to file a shorter brief).

  Pursuant to Federal Rule of Civil Procedure 15(a)(3), parties have 14 days to respond to amended pleadings, which would mean Defendants' current deadline to respond to the SAC is May 13, 2024.  Defendants request an extension to **June 28, 2024**, which would provide Defendants 60 days to respond.  Defendants have not previously sought an extension of time to respond to the SAC.

  Defendants submit that this request is reasonable in light of the length of the SAC (and its extensive exhibits).  Indeed, though it is addressed to conduct by only one of the three initial groups of defendants, the SAC, at 232 pages, is more than forty pages *longer* than the first amended complaint.  And much of the text is new—even if the substance is not.  For example, in 381 paragraphs stretching over 102 pages, it sets forth subsections addressing no fewer than 75 separate allegedly defamatory statements that were not specifically discussed in the First Amended Complaint.  (SAC at ¶¶138-519.)  It also attaches 192 exhibits, totaling 1,929 pages of additional material.  This is 86 more than the 106 exhibits attached to the first amended complaint (*see* Dkt. 30); we have not yet identified the exact degree of overlap between these two sets of exhibits.

  Plaintiff Cassava has refused to consent to Defendants' requested extension.  On May 1, 2024 (two days after Cassava filed the SAC), Defendants asked Cassava's counsel if they would agree to Defendants' request for 60 days to respond and up to 50 pages for a brief in support of a motion to dismiss.  Five days later, on May 6, Cassava's counsel stated that they would only consent to 30 days and up to 40 pages.  That same day, we explained that our requests were reasonable in light of the length of the SAC and we further explained that the extension would be

Hon. Ona T. Wang
May 7, 2024
Page 2

appreciated as a professional courtesy considering our other personal and professional commitments in May.  We also reminded Cassava's counsel that we had promptly consented to their most recent request to Judge Woods for an extension of time to file objections to Your Honor's Report and Recommendation (*see* Dkt. 106).  Cassava's counsel responded that our request was "a little out of the ordinary" and objected because "this case has already been languishing for some time."  We discussed the request further by phone on May 6, described the burden posed by the length of the SAC and exhibits.  On May 7, Cassava's counsel confirmed they would *not* consent to 60 days because it "would unduly delay the case," and they did not believe we had "articulate[d] any special circumstances that would require this amount of time to respond."  However, Cassava did attempt to leverage our request into an agreement to commence discovery, offering a 60 day extension if—and only if—Defendants would agree to begin discovery in the case on May 13.  (*See* Ex. A (email between counsel).)

Accordingly, we respectfully ask that the Court grant Defendants an extension to June 28, 2024, over Cassava's objection, to provide us and our clients sufficient time to appropriately consider and respond to the SAC.

Finally, while our assessment of the SAC is ongoing, we anticipate moving to dismiss the SAC.  In accordance with Your Honor's Individual Rule of Practice III.a., we will confer with Cassava's counsel in advance of any such motion.  At this stage, as we have told Cassava's counsel, we expect that we may need more than 25 pages and up to 50 pages to respond fully to each of the 75 challenged statements in the SAC, although we will certainly endeavor to file a shorter brief.  In the interest of avoiding a subsequent letter motion, we respectfully ask permission to file a brief of up to 50 pages in support of any motion to dismiss the SAC.  As we have informed Cassava's counsel, we do not object to an analogous enlargement of their own brief, or to an extension of their time to respond to our anticipated motion that would parallel the extension of time sought hereby.

We thank the Court for its attention to this matter.

Respectfully,

*/s/ Isaac B. Zaur*

Isaac B. Zaur

cc:     All counsel of record (via ECF)