**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CASSAVA SCIENCES, INC.,

      Plaintiff,

v.

DAVID BREDT; GEOFFREY PITT;
QUINTESSENTIAL CAPITAL
MANAGEMENT LLC; ADRIAN HEILBUT;
JESSE BRODKIN; ENEA MILIORIS; and
PATRICK MARKEY,

      Defendants.

Civil Action No. 22-cv-9409-GHW-OTW

### PLAINTIFF CASSAVA SCIENCES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL FINAL JUDGMENT

Plaintiff Cassava Sciences, Inc. ("Cassava"), by counsel, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, files the following Memorandum in Support of its Motion for Partial Final Judgment as to Counts I, II, and III of the First Amended Complaint ("FAC").

## INTRODUCTION[1]

Cassava respectfully requests that this Court enter partial final judgment as to the claims against David Bredt and Geoffrey Pitt (the "Citizen Petition" Defendants) and Quintessential Capital Management LLC ("QCM") so that it may seek immediate appellate review. This Court determined that it would be futile to replead statements made by the Citizen Petition Defendants and certain statements made by QCM, but gave Cassava the opportunity to replead its claims regarding certain statements in a slide deck ("Seeing through the Blind Deck") made by Heilbut, Brodkin, Milioris, and Markey (the "Dot Com" Defendants) and certain Posts (the "Defamatory

---

[1] Any undefined capitalized term has the same meaning as capitalized terms in the Court's Memorandum and Order on Defendants' Motion to Dismiss. [*See* ECF #119.]

Posts") by the Dot Com Defendants and QCM.  [ECF #119 at 55–56.]  Cassava has now filed its Second Amended Complaint [ECF #120] ("SAC"), which names only the Dot Com Defendants. It alleges no claims against QCM.  All claims against the Citizen Petition Defendants and QCM (Counts I, II, and III of the FAC) are now ripe for appeal.

There is no just reason to delay appellate review of Cassava's claims against the Citizen Petition Defendants and QCM.  First, the only action remaining with respect to Cassava's claims against the Citizen Petition Defendants and QCM is the appeal. The trial court has nothing left to do with respect to those claims because Cassava's Second Amended Complaint only names the Dot Com Defendants. Cassava has elected to stand on its First Amended Complaint as far as its claims against the Citizen Petition Defendants and QCM for purposes of appealing the Court's ruling on their respective motions to dismiss. There is no reason to delay the appeal because this Court has nothing left to do with respect to those claims.

Second, Cassava's claims against the Citizen Petition Defendants and QCM are entirely separable from its claims against the Dot Com Defendants. Cassava named the Citizen Petition Defendants, QCM, and the Dot Com Defendants as defendants in one action for convenience and due to the fact that their defamatory statements were false for similar reasons and evidence of their actual malice, including the evidence that they reviewed prior to publication, was similar. However, Cassava just as easily could have brought separate actions against each group of defendants because each is being sued for their own defamatory statements about Cassava.

Third, the parties and this Court face the possibility of duplicative, expensive trials separated by years absent an immediate appeal. Party and judicial resources will be wasted if Cassava is not allowed to appeal the Court's motion to dismiss rulings now. If Cassava must wait, its appeal will be delayed by a year or more as its claims against the Dot Com Defendants make

their way through the trial court—briefing, discovery, trial, etc. Cassava would then be in the unenviable position of having to appeal the motions to dismiss rulings *after* fully litigating similar issues against the Dot Com Defendants and relitigating those issues (discovery, trial, etc.) if the Second Circuit rules in its favor.

Alternatively, if the Court allows an immediate appeal, the Second Circuit can address the legal issues raised by the Court's ruling on the motions to dismiss filed by the Citizen Petition Defendants and QCM, including whether the accusations of fraud by these Defendants, in the unique manner they were made, are actionable. If the Second Circuit agrees with Cassava, finds that accusations of fraud by the Citizen Petition Defendants and QCM *are* actionable, and reverses this Court's ruling, then the Citizen Petition Defendants and QCM would rejoin this case for discovery and trial. Duplicative activity for Cassava and the Court would be mitigated and avoided.

## BACKGROUND

Cassava brought this action to recover damages from Defendants' rigorous efforts to defame Cassava and lower Cassava's stock price. [ECF #30, First Amended Complaint ("FAC").] After securing short positions, Defendants began respective campaigns to spread lies about Cassava's clinical trials and studies. Their campaigns focused on accusing Cassava of engaging in fraudulent activities by fabricating and manipulating test results. The effect of their campaign was a sharp decrease in Cassava's stocks—thereby lining Defendants' pockets—and irreparable harm to Cassava's reputation.

Defendants each had their own means to accomplish their goals. The Citizen Petition Defendants sent a Citizen Petition to the FDA, and then republished their defamatory assertions in press releases. [FAC ¶¶ 118–24, 143–45, 153–55.] They followed up the Citizen Petition and press releases with additional letters to the FDA and press releases. [*Id.* ¶¶ 124–30.] QCM, a

hedge fund, chose a different tact: it published a report about Cassava and engaged in an X-campaign.  [*Id.* ¶¶ 139–42.]   The Dot Com Defendants sent letters to the FDA, engaged in a prolonged X-campaign, and posted multiple slide decks.   [*Id.* ¶¶ 131–38, 149–52, 156–58.] Though all of the Defendants' statements had the same goal—labeling Cassava a fraud and lowering its stock—each Defendant's statements belong to that Defendant alone.

On March 28, 2024, this Court granted Defendants' motions to dismiss, but allowed Cassava to replead its claims regarding certain statements in the Dot Com Defendants' Seeing through the Blind Deck, as well as the Defamatory Posts made by the Dot Com Defendants and QCM. [ECF #119 at 55–56.]  The Court found that those statements were actionable, but also that Plaintiff had not sufficiently pleaded actual malice.  [*Id.* at 43–55.]   The Court found that amendment regarding all other claims would be futile because they involved non-actionable statements of opinion or scientific debate.  [*See id.* at 55.]   On April 29, 2024, Cassava filed its SAC against the Dot Com Defendants.  Cassava did not include any Posts by QCM in its Second Amended Complaint and did not name QCM as a Defendant in the Second Amended Complaint. The First Amended Complaint remains the operative complaint against QCM and the Citizen Petition Defendants.

## **LEGAL STANDARD**

Rule 54(b) allows courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  This Rule has three prerequisites:

> (1) multiple claims or multiple parties must be present,
>
> (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and
>
> (3) the district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment.

*See In re Air Crash at Belle Harbor, New York on Nov. 12, 2001*, 490 F.3d 99, 109 (2d Cir. 2007). The first two factors address the issue of whether Rule 54(b) applies at all to the case. *Computech Int'l v. Compaq Comput. Corp.*, No. 02 Civ. 2628(RWS), 2004 WL 2291496, at *1 (S.D.N.Y. Oct. 12, 2004). Once the first two factors are established, the third factor is left to the sound discretion of the district court. *Id*.

## ARGUMENT

The Court should direct final judgment on Counts I, II, and III of the Complaint to allow efficient appellate review of claims that are separable from the rest of the case pursuant to Rule 54(b). *First*, Cassava asserted multiple claims against multiple parties. *Second*, Counts I, II, and III have been finally decided. A claim is deemed finally decided "[i]f the decision 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment entered on that claim.'" *Id.* (quoting *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992). Here, the Court dismissed all claims, but gave Cassava leave to replead claims regarding the Dot Com Defendants' Seeing through the Blind Deck and the Defamatory Posts made by the Dot Com Defendants and QCM.[2] [ECF #119 at 55–56.] Cassava filed its SAC against the Dot Com Defendants only. [ECF #120.] Cassava elected against repleading claims against QCM (standing on its First Amended Complaint) and the Court did not permit Cassava to replead its claims against the Citizen Petition Defendants. [*See* ECF #119 at 55–56.] Therefore, the dismissed claims against QCM and the Citizen Petition Defendants have been finally decided.[3] *See Ginett*, 962 F.2d at 1092. The first two requirements are thus met and Rule 54(b) applies. *Third*, as set forth below, there is no just reason for delay because (1) the claims

---

[2] Of the 328 Posts the Court granted Cassava the right to replead on, only 10 were published by QCM.
[3] Because Cassava did not replead claims regarding the Defamatory Posts by QCM even though the Court granted leave for Cassava to do so, it cannot and will not appeal those claims under Rule 54(b). *See* Fed. R. Civ. P. 54(b) (only claims that "have been finally decided" may be appealed under the Rule.)

on appeal are separable from the remaining claims and (2) expensive, duplicative trials will be avoided should Cassava be successful on its appeal.

## I.      Counts I, II, and III Against the Citizen Petition Defendants and QCM Are Separable from the Remaining Counts Against the Dot Com Defendants.

In determining whether to direct judgment, "[t]he proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration.'" *Ginnett*, 962 F.2d at 1095 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "With the interest of sound judicial administration as the goal, '[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for Rule 54(b) certification.'" *Computech Int'l,* 2004 WL 2291496, at \*2 (*quoting Ginnett*, 962 F.2d at 1096).

Here, Cassava's claims against the Citizen Petition Defendants and QCM are separable from the remaining claims against the Dot Com Defendants. *Id.* at \*2–4. (holding district court's Rule 54(b) certification appropriate where resolution of the issues on appeal were not dependent on what happened to the claims remaining in the district court). "Claims are normally treated as separable if they involve at least some different questions of fact and law and could be separately enforced, or if different sorts of relief are sought." *In re Gentiva Sec. Litig.*, 2 F. Supp. 3d 384, 387–88 (E.D.N.Y. 2014) (cleaned up). Claims can and should be treated as separate even if they arise out of the same occurrence. *See id.*

Courts judge whether a statement is defamatory by examining the specific language of the statement and the broader context of that statement. *See Greenberg v. Spitzer*, 132 N.Y.S.3d 601, at \*17–18 (N.Y. Sup. Ct. 2020). Deciding whether to dismiss a defamation claim requires meaningfully engaging with and analyzing the statements giving rise to the claim. *See Biro v. Conde Nast*, 883 F. Supp. 2d 441, 458 (S.D.N.Y. 2012) ("Thus, as courts typically do in such cases, the Court will evaluate each allegedly defamatory statement (or set of statements) and

determine whether it is actionable, granting dismissal of claims based on nonactionable statements and denying dismissal with respect to claims based on actionable statements.")

Whether the various statements made by the Citizen Petition Defendants and QCM are defamatory, then, are separate questions from whether the Dot Com Defendants' Defamatory Posts and Seeing through the Blind Deck statements are defamatory. Each statement must be examined on its own, based on its own context and specific language. Each Defendant had their own mode for launching their defamatory statements. The Citizen Petition Defendants opted for defaming Cassava through Citizen Petitions, QCM chose a short-seller report, and the Dot Com Defendants preferred a X-campaign. The specific language and context of each statement is tailored to the means used by the offending Defendant. So the specific language and context of each statement is unique and renders it defamatory for unique reasons, and liability for those statements is each Defendant's alone. The issues on appeal—whether each of the statements by the Citizen Petition Defendants and QCM constitutes non-actionable opinion or scientific debate [ECF #119 at 2]—are separate from the issues that remain in this Court, which involve different statements made by different defendants. [*See generally* ECF #119 at 15–43 (separately analyzing and ruling upon the FDA letters, QCM Report, slide decks, and Posts).]

Accordingly, the "ultimate dispositions of the claims remaining in the district court" would not "moot [the Second Circuit's] decision on the appealed claim[s] or require [it] to decide issues twice." *Ginnett*, 962 F.2d at 1095. Whether the Second Circuit rules for or against Cassava regarding the statements by the Citizen Petition Defendants and QCM will have no impact on the statements remaining before this Court. Whether the Second Circuit rules that such statements are actionable will not require it to decide issues twice, should the parties later appeal any rulings against the Dot Com Defendants alleged in the Second Amended Complaint. *See also Computech*

7

*Int'l,* 2004 WL 2291496, at *2–4 (holding that district court's Rule 54(b) certification appropriate where resolution of the issues on appeal were not dependent on what happens to the claims remining in the district court). The claims are thus separable and sound judicial administration makes these claims appropriate for Rule 54(b) certification. *See id.*

## II. Expensive, Duplicative Trials Will Be Avoided if Cassava Is Successful on Appeal.

Rule 54(b) certification should also be granted because while the claims at issue are separable, there are significant efficiencies to be gained from trying them together. Courts will grant motions for partial judgment "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (cleaned up). In *Advanced Magnetics*, the Court observed:

> If the selling shareholders' claims are to be reinstated, it plainly will be more efficient for that reinstatement to occur in time for trial of AMI's and the selling shareholders' claims together, for then only one jury, rather than two, will be required to become familiar with the terms of and the events surrounding the offering and defendants' short sale.

106 F.3d at 17. *See also Grand River Enters. Six Nations, Ltd. v. Pryor*, No. 02 Civ. 5068(JFK), 2004 WL 2480433, at *2 (S.D.N.Y. Nov. 3, 2004) ("This potential scenario [of duplicative trials] inclines the Court toward granting of the Rule 54(b) certification in this case."); *Krasner v. Rahfco Funds LP*, No. 11 CV 4092 (VB), 2013 WL 12114473, at *1 (S.D.N.Y. Feb. 20, 2013) (Rule 54(b) certification appropriate where separate trial in the event of reversal would be avoided).

The same is true here. Specifically, all the Defendants—though in different forums and using different language—assert that Cassava's clinical and other studies regarding simufilam were fraudulent. [*See* FAC ¶ 161.k (". . . the scientific community has validated many of my clients concerns and identified countless new errors and anomalies that strongly suggest scientific

misconduct . . .") (Citizen Petition Defendants); *id.* ¶ 161.qq ("In several years of fraud-busting we have rarely come across a more blatant and costlier exercise in deception than Cassava.") (QCM); ECF #119 at 58 ("The lies from $SAVA never end") (Heilbut); *id.* ("Never $sava is a total fraud. $2 in 3 years max guaranteed.") (Brodkin); *id.* at 61 ("How is it legal for $SAVA to spinal tap folks and then just make up their biomarker values?") (Miloris); *id.* at 65 ("Some more attention on this whole $SAVA case probably wouldn't be all that bad. #EndAlz and #endfraud.") (Markey).] But Cassava has not engaged in fraudulent activity. It did not manipulate, fabricate, or doctor studies, and has not made false or misleading statements regarding simufilam. [FAC ¶¶ 162–65, 167.] At the Dot Com Defendants' trial, Cassava will prove that these statements are false. And, if the dismissal of QCM and the Citizen Petition Defendants is reversed, these core issues will be litigated twice.

Another issue that would be duplicated in multiple trials is damages. Defendants' statements caused Cassava's stock price to plummet and reputation to be marred. [*Id.* ¶¶ 426–29, 433–35.] They also caused clinical research sites to withdraw from Cassava's research programs and a decline in patient enrollment. [*Id.* ¶¶ 430–32.] At trial, the jury will have to decide how much should be awarded to Cassava for presumed damages as well as compensatory damages. Cassava expects that the Dot Com Defendants may try to point to the defamatory statements made by the Citizen Petition Defendants and QCM to mitigate its compensatory damages. Similarly, if the Court's ruling is reversed, Cassava expects the Citizen Petition Defendants and QCM to point to the Dot Com Defendants when trying to mitigate their compensatory damages. It would be far more efficient for this finger pointing (if it is allowed by the trial court) to take place in one trial rather than separate ones.

Entering partial final judgment eliminates these duplication concerns. It gives the parties and the Court the opportunity to have the claims against the Citizen Petition Defendants and QCM tried with the remaining claims, if the Second Circuit reverses. This consideration alone warrants entry of partial final judgment. *See Grand River*, 2004 WL 2480433, at *2 ((Where there is a risk of duplicative trials, Rule 54(b) certification "better serves judicial economy in the event of a reversal.").

## **CONCLUSION**

Accordingly, Cassava respectfully requests that this Court direct the entry of final judgment as to Counts I, II, and III in the Complaint.


Dated: May 22, 2024                  Respectfully submitted,
                                     CASSAVA SCIENCES, INC.

                                     By its attorneys,

                                     */s/ J. Erik Connolly*
                                     J. Erik Connolly (*admitted pro hac vice*)
                                         EConnolly@beneschlaw.com
                                         Illinois ARDC No. 6269558

                                     Timothy Frey (*admitted pro hac vice*)
                                         TFrey@beneschlaw.com
                                         Illinois ARDC No. 6303335

                                     Kate Watson Moss (*admitted pro hac vice*)
                                         kwatsonmoss@beneschlaw.com
                                         Illinois ARDC No. 6321176

                                     **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
                                     71 South Wacker Drive, Suite 1600
                                     Chicago, IL 60606
                                     Telephone: (312) 212-4949

10

Michael Vatis
mvatis@beneschlaw.com
NY Reg. No. 2258655

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
1155 Avenue of the Americas
26th Floor
New York, NY 10036

<u>**CERTIFICATE OF SERVICE**</u>

I, Erik Connolly, hereby certify that a copy of the foregoing Memorandum in Support of Motion for Partial Final Judgment, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 22, 2024.


Dated: May 22, 2024                              */s/ J. Erik Connolly*