```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CASSAVA SCIENCES, INC.,                    :
                                           :
                    Plaintiff,             :       22-CV-9409 (GHW) (OTW)
                                           :
            -against-                      :       **REPORT & RECOMMENDATION TO**
                                           :       **THE HONORABLE GREGORY H.**
ADRIAN HEILBUT, et al.,                    :       **WOODS**
                                           :
                    Defendants.            :
-----------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

The Court assumes familiarity with the underlying facts and procedural history of this case. On March 28, 2024, the Court dismissed Plaintiff Cassava's defamation complaint in its entirety, but granted leave to file a second amended complaint regarding the challenged statements in the Dot.Com Defendants' "Seeing through the Blind" deck regarding the Open Label Study and challenged tweets made by the Dot.Com Defendants and QCM. (ECF 119 at 55–56). On April 29, 2024, Plaintiff filed a Second Amended Complaint ("SAC") only against the Dot.Com Defendants relating to these materials, reduced the number of alleged defamatory tweets, and declined to amend its claims against the Neuroscientist Defendants and QCM.[1] (ECF 120).[2] Plaintiff now requests that the Court enter partial final judgment under Fed. R. Civ. P. 54(b) as to the claims against the Neuroscientist Defendants and QCM so that Plaintiff "may seek immediate appellate review." (*See* ECF 129; ECF 130 at 1). For the following reasons, I respectfully recommend that Plaintiff's motion for entry of partial final judgment be **DENIED**.

---

[1] Specifically, Plaintiff's Memorandum in Support of Its Motion for Partial Final Judgment emphasizes that "Cassava did not include any Posts by QCM in its Second Amended Complaint and did not name QCM as a Defendant in the Second Amended Complaint." (ECF 130 at 4). Thus, Plaintiff asserts, "Counts I, II, and III of the FAC[ ] are now ripe for appeal." *Id*. at 2.

[2] Plaintiff filed 192 exhibits at ECF Nos. 121–126.

1

"Rule 54(b) is permissive in nature." 10 Fed. Prac. & Proc. Civ. § 2656 (4th ed.). The district court's determination whether to enter partial final judgment under Rule 54(b) is "reviewable by the court of appeals for abuse of discretion." *Brunswick Corp. v. Sheridan*, 582 F.3d 175, 183 (2d Cir. 1978) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). Rule 54(b) has three pre-requisites; as relevant here, the district court may enter partial final judgment "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Second Circuit has instructed that "[a] certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Abadi v. American Airlines, et al.*, No. 23-CV-4033 (LJL), 2024 WL 2193688, at *1 (S.D.N.Y. May 16, 2024) (citing *Harriscom Svenska AB v. Harris Corp.*, 927 F.3d 627, 629 (2d Cir. 1991)). "In applying these principles," the Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." *Id*. (citing *Novick v. AXA Network*, LLC, 642 F.3d 304, 311 (2d Cir. 2011) (quoting *Harriscom*, 947 F.2d at 629)).

Here, judicial administrative interests weigh against granting certification because Plaintiff's remaining defamation claim – against the Dot.Com Defendants only – relate to whether Cassava's Open Label Study was truly blinded, and 75 social media statements by the Dot.Com Defendants (*see* ECF 120-2, Appendix A: Statements From Social Media), and analysis of those statements in turn depends on the context and scientific underpinnings for those statements. *See, e.g.*, *Cassava Sciences, Inc. v. Bredt*, No. 22-CV-9409 (GHW) (OTW), 2024 WL 1347362, at *4, *6, *7, *11, n.42 (S.D.N.Y. Mar. 28, 2024).

For example, as discussed in my January 5, 2024 Report & Recommendation (ECF 105) at footnote 8, the FOIL materials appended by the Dot.Com Defendants suggest that the Open-Label Study could not have been completed absent un-blinding, because the recipient lab could not read the labels on the CSF sample tubes that were sent for analysis, and requested "information of all samples in this package?" *Id*. at n.8. The social media statements, now winnowed to 75 statements from hundreds attached in an unnumbered chart in Appendix A to Plaintiff's First Amended Complaint ("FAC") (ECF 30-2), still must be examined in the context of the other statements and publications by QCM and the Neuroscientist Defendants, including the publications previously found to be statements of opinion. Indeed, many of the Dot.Com Defendants' social media statements identified in the SAC were made on the same dates as QCM's social media statements, which Plaintiff elected not to appeal. (*See* ECF 130 at 5). Many of these social media statements were made in November 2021, when at least three crucial and related contextual events occurred: on November 4, 2021, Plaintiff halted trading of its stock and issued a press release later that day claiming that the Journal of Neuroscience review "shows no evidence of data manipulation," (ECF 104 at n.14); on November 10, the Journal of Neuroscience issued an erratum to a 2012 foundational paper; while on November 17, the Neuroscientist Defendants filed another FDA Letter raising additional concerns with the 2012 Journal of Neuroscience paper.[3] *Id*. at 10. Finally, the SAC attaches and incorporates by

---

[3] Although not referenced or necessary to the findings in my Reports and Recommendations or Judge Woods's Memorandum Opinion & Order adopting them, the Neuroscientist Defendants filed supplemental materials in late 2023 indicating that Drs. Wang and Burns were either unwilling or unable to provide any of the original data underlying several research papers underpinning Plaintiff's research and development of simulfilam. (*See* ECF 101). As early as the November 17 FDA letter, the Neuroscientist Defendants had suggested review of the original data as a way to verify Drs. Wang and Burns's published findings. In the November 17 FDA letter, under the heading "Use of Doctored Images to Secure Journal of Neuroscience's Exculpatory Statement," the Neuroscientist Defendants list several "red flags" regarding the 2012 Journal of Neuroscience paper and infer that "[t]he bottom

reference numerous scientific articles, dating from 1998 through 2023, suggesting that Cassava intends to litigate the claims in the SAC by scientific blunderbuss, again. *See Cassava Sciences, Inc. v. Bredt*, No. 22-CV-9409 (GHW) (OTW), 2024 WL 555484, at *11[4] (S.D.N.Y. Jan. 3, 2024). Plaintiff's defamation claims against the remaining Defendants arise from the same set of facts: the Neuroscientist Defendants' citizen petitions, the retracted research papers, the questions surrounding the integrity of the research by Cassava's scientists, and ongoing scientific discourse. A determination of whether the remaining defamation claims constitute protected, non-actionable opinion are closely related issues that remain to be litigated.[5]

Plaintiff has also not identified any hardship or injustice that would be alleviated by immediate appeal. At best, Plaintiff posits that judicial efficiency would be better served by allowing an immediate appeal of the claims against QCM and the Neuroscientist Defendants, because then the Court could try and award damages in one proceeding against all three groups of defendants. (ECF 130 at 8–10). In order for this to be the case, an interlocutory appeal would have to be swiftly decided in Plaintiff's favor, Plaintiff would have to survive a

---

line is Cassava Sciences does not appear to have provided the Journal of Neuroscience 'original, uncropped Western blots' as represented in its 11/4/2021 press release . . . . Making matters far worse, the company appears to have knowingly taken the published image . . . blurred it a bit, and then photoshopped it onto a slightly different canvas to 'create' the image [ ]. Undoubtedly, these apparently deceptive acts were not disclosed to the Journal of Neuroscience, and countless investors were misled, as is evidenced by the market capitalization of Cassava Sciences doubling on this press release." (ECF 30-11 at 19–23, Exhibit 9: Third Supplement to Citizen's Petition Associated with Cassava Sciences, Inc. (FDA-2021-P-0930)).

[4] In my Report & Recommendation, I noted that "Plaintiff asserts that the Neuroscientist Defendants' arguments for dismissal "are predicated on a misrepresentation of the facts alleged" and "**nearly everything** Bredt and Pit said in their petitions and **everything** that they republished was factually inaccurate." (ECF 80 at 25) (emphases added). This conclusory statement, based on a FAC that attaches and incorporates more than 100 exhibits (many of which contain multiple links) and spans nearly 1600 pages, is tantamount to dropping all of the scientific discourse – spanning years of research – in the lap of a randomly selected federal judge." (internal footnote omitted).

[5] Plaintiff has also failed to address whether the decision not to amend with respect to QCM's social media statements – as well as Judge Woods's determination that the other Dot.Com Defendants' slide decks were protected statements of opinion – would have any preclusive or estoppel effect on its remaining claims regarding the Dot.Com Defendants' social media statements.

second motion to dismiss by the Dot.Com Defendants, and proceed through discovery, summary judgment and trial to reach a damages calculation. Alternatively, the Court could address the Dot.Com Defendants' proposed motion to dismiss,[6] which, if successful, would obviate the need for an interlocutory appeal since Plaintiff could then appeal the entire case. Discovery is currently stayed, notwithstanding Plaintiff's attempt to barter early discovery for an extension of the Dot.Com Defendants' time to respond (*see* ECF 127 at 2), so no party is suffering additional, unnecessary costs relating to the litigation of this case.[7]

To require multiple panels of appellate judges to familiarize themselves with this voluminous record "would most certainly not serve the interests of judicial efficiency." *Abadi*, 2024 WL 2193688, at *1 (internal quotation marks and citations omitted). Indeed, it is hard to imagine a more inefficient way of proceeding, particularly in light of an apparently ongoing investigation into the underlying science. (*See* ECF 101). Accordingly, I respectfully recommend that Plaintiff's motion for partial final judgment be **DENIED**.

In accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable Gregory H.

---

[6] Currently, the Dot.Com Defendants' response to the SAC is due June 28, 2024, and their recent filing indicates that they intend to proceed with a motion to dismiss. (*See* ECF 127 at 1).

[7] As a final procedural matter, Plaintiff asserts that the FAC remains the "operative" complaint as to the Neuroscientists and QCM. (ECF 120 at n.1). There is only one "operative" complaint in this case, and it is the SAC. *See., e.g.*, the Eastern District of New York, "Pro Se Forms and Resources: How to Amend Your Complaint" ("An amended complaint does not just add to the first complaint. An amended complaint entirely replaces the original complaint.") (linked at https://img.nyed.uscourts.gov/files/forms/Amend%20Complaint.rev7-1-10.pdf).

Woods, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Woods.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

Respectfully submitted,

Dated: May 30, 2024
New York, New York

_/s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge