UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASSAVA SCIENCES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID BREDT; GEOFFREY PITT; QUINTESSENTIAL CAPITAL MANAGEMENT LLC; ADRIAN HEILBUT; JESSE BRODKIN; ENEA MILIORIS; and PATRICK MARKEY,<br><br>    Defendants. | Civil Action No. 22-cv-9409-GHW-OTW |

**PLAINTIFF CASSAVA SCIENCES, INC.'S OBJECTIONS TO MAGISTRATE JUDGE WANG'S REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................... 1

RELEVANT BACKGROUND ........................................................................................................ 2

LEGAL STANDARD ....................................................................................................................... 6

ARGUMENT ..................................................................................................................................... 6

I.   The Magistrate Judge did not correctly apply the Rule 54(b) standard ..................... 6

II.  The Magistrate Judge did not correctly apply defamation law ................................... 8

III. The Magistrate Judge ignored the Court's prior order ............................................... 10

IV.  The Magistrate Judge misweighed the interests at stake ........................................... 11

V.   The Magistrate Judge considered irrelevant and inappropriate factors ................... 12

CONCLUSION ............................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
   106 F.3d 11 (2d Cir. 1997)..................................................................................................12

*Catania v. United Fed. of Teachers*,
   No. 21 Civ. 1257-GHW, 2022 WL 767107 (S.D.N.Y. Mar. 12, 2022).....................................6

*Daniel v. Am. Bd. of Emergency Med.*,
   212 F.R.D. 134 (W.D.N.Y. 2002)............................................................................................6

*Davis v. Eastman Kodak Co.*,
   No. 04-CV-6098, 2007 WL 8098431 (W.D.N.Y. July 19, 2007) ...........................................13

*In re Fresh & Process Potatoes Antitrust Litig.*,
   No. 4:10-MD-2186-BLW, 2012 WL 1288752 (D. Idaho Apr. 16, 2012) ...............................13

*In re Gentiva Sec. Litig.*,
   2 F. Supp. 3d 384 (E.D.N.Y. 2014) ......................................................................................7, 8

*Ginett v. Comp. Task Grp.*,
   962 F.2d 1085 (2d Cir. 1992)...........................................................................................7, 8, 12

*Greenberg v. Spitzer*,
   132 N.Y.S.3d 601 (N.Y. Sup. Ct. 2020) ..................................................................................9

*Krasner v. Rahfco Funds LP*,
   No. 11 CV 4092 (VB), 2013 WL 12114473, at *1 (S.D.N.Y. Feb. 20, 2013) .........................12

**Statutes**

28 U.S.C. § 636................................................................................................................................1, 6

**Other Authorities**

Fed. R. Civ. P. 54.......................................................................................................... *passim*

Fed. R. Civ. P. 72................................................................................................................1, 6

Plaintiff Cassava Sciences, Inc. ("Cassava"), by counsel, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(C), files the following Objections to Magistrate Judge Wang's Report and Recommendation Regarding Plaintiff's Motion for Partial Final Judgment ("R&R"), ECF #131.

## INTRODUCTION

Cassava respectfully requests that the Court reject the R&R and enter partial final judgment as to Counts I, II, and III of the First Amended Complaint.

There is no "just reason" to delay Cassava's appeal of this Court's order granting the motions to dismiss by the Citizen Petition Defendants (David Bredt and Geoffrey Pitt) and Quintessential Capital Management ("QCM"). The merit of Cassava's claims against them is based on the statements they independently published and whether the First Amended Complaint alleges sufficient facts showing each of them acted with actual malice. This Court found the statements they made were not actionable (Cassava disagrees) and the First Amended Complaint does not allege sufficient facts (Cassava disagrees again). Cassava disagrees with these conclusions and there is no just reason to delay Cassava from bringing these issues to the Second Circuit for resolution. There is nothing left for this Court to do with respect to Cassava's claims against the Citizen Petition Defendants and QCM.

Cassava's ongoing litigation with the Dot.com Defendants (Adian Heilbut, Jesse Brodkin, Enea Milioris, and Patrick Markey) does not provide any reason for a delay. Cassava's claims against the Dot.com Defendants are based on the statements they published about Cassava, which are different from what the Citizen Petition Defendants said and different from what QCM said. Cassava's claims against the Dot.com Defendants are also based on the Dot.com Defendants' actual malice, which is different than the knowledge and reckless disregard of the Citizen Petition Defendants and QCM. Cassava has a claim against the Dot.com Defendants that is inherently

1

separable from its claims against the Citizen Petition Defendants and QCM; indeed, inherently separable as a matter of bedrock defamation law because each defendant's actions are judge by his/her individual statements and his/her unique knowledge.

The Magistrate Judge could only recommend against Cassava's motion for partial final judgment by ignoring the legal standard, inventing a new one divorced from precedent, and turning bedrock defamation principles upside-down.. ***First***, the Magistrate Judge did not apply the proper Rule 54(b) standard. This inquiry turns on whether there is any just reason for delay, but the Magistrate Judge ignores that question entirely. ***Second***, the Magistrate Judge did not apply the correct defamation standards. At the pleading stage, defamatory statements are judged by the four corners of their publication. But the Magistrate Judge previewed (wrongly) that they were to be judged by the context of other, separate publications. ***Third***, the Magistrate Judge ignored this Court's prior holdings that the statements in the Second Amended Complaint are defamatory. The Magistrate Judge previewed (wrongly) that it would be revisiting whether the Dot.com Defendants statements were defamatory. ***Fourth***, the Magistrate Judge misweighed the interests at stake. ***Finally***, the Magistrate Judge considered irrelevant and inappropriate factors. The result of the upcoming Motions to Dismiss have nothing to do with the Rule 54(b) analysis, and such thinly veiled premonitions are inappropriate.

Accordingly, Cassava requests that the Court reject the R&R and enter partial final judgment as to Counts I, II, and III of the First Amended Complaint for the reasons stated in its Memorandum in Support of its Motion for Partial Final Judgment ("Memorandum").

## RELEVANT BACKGROUND

Cassava filed the First Amended Complaint on November 4, 2022. The First Amended Complaint included two claims against the Citizen Petition Defendants (Counts I and II) and one count against QCM (Count 3). Cassava's claim against the Citizen Petition Defendants was based

on over 100 defamatory statements that they published about Cassava in eight publications. [*See* ECF #80, Appendix A.] Cassava's claims against QCM was based on over 100 defamatory statements it published about Cassava in the QCM Report and dozens of posts on X, formerly known as Twitter. [*See* ECF #115 at 5.] On March 28, 2024, the Court granted the Citizen Petition Defendant's motion to dismiss with prejudice in its entirety and granted QCM's motion to dismiss with prejudice as to all statements but two statements.

Cassava's First Amended Complaint also included two counts against the Dot.com Defendants. Cassava's claims against the Dot.com Defendants were based on over 870 defamatory statements they published about Cassava in four different publications and X. [*See* ECF #95 at 1.] Unlike the Citizen Petition Defendants and QCM, this Court found that many of the statements—318 different statements—by the Dot.com Defendants were defamatory and, therefore, potentially actionable. [ECF 119 at 39–43, 58–80.] However, the Court found that Cassava had not alleged sufficient facts on actual malice; and, therefore, granted Cassava leave to refile its claim(s) against the Dot.com Defendants. Cassava filed its Second Amended Complaint on April 29, 2024. [*Id.* at 55–56.]

Cassava's Second Amended Complaint asserts five claim(s) against the Dot.com Defendants based on 75 statements they published about Cassava on X. 68 of the 75 statements at issue in the Second Amended Complaint are ones that this Court already found to be defamatory and actionable. The other seven statements are ones made by the Dot.com Defendants after Cassava filed the First Amended Complaint and are similar to the ones this Court already found to be actionable. The Second Amended Complaint does not include any allegations about the Citizens

3

Petition Defendants or QCM. Cassava is standing on its First Amended Complaint as far as the merits of its claims against them for purposes of appeal.[1]

Given that this Court has nothing left to decide with respect to the Citizen Petition Defendants and QCM, on May 22, 2024, Cassava filed a motion for partial final judgment as to its three claims in the First Amended Complaint against them. [*See* ECF #129.] The Second Amended Complaint was only against the Dot.com Defendants for their statements, the Second Amended Complaint does not include any allegations about the dismissed defendants, so there is nothing that can transpire with the trial court that justifies delaying Cassava's appeal of this Court's ruling on Cassava's claim against the dismissed defendants. [*Id.*] However, before any of the defendants responded to the motion, or even joined the motion because they saw the benefit of having these issues resolved now as opposed to later, the Magistrate Judge *sua sponte* denied Cassava's motion.[2]

---

[1] The Magistrate Judge chastises Cassava for referring to the Second Amended Complaint as the "operative" complaint as to the Dot.com Defendants and the First Amended Complaint as the "operative" complaint as to the Citizen Petition Defendants and QCM. [R&R at 5 n.7 (citing Western District of New York guidelines for *pro se* plaintiffs).] Cassava's reference to an operative complaint is simply a recognition that the appellate court will be reviewing the merits of Cassava's claims against the Citizen Petition Defendants and QCM based on the First Amended Complaint because that is the complaint that this Court was evaluating when ruling on the motion to dismiss. Cassava did not have leave from this Court to file a Second Amended Complaint against the Citizen Petition Defendants or against QCM for the vast majority of its statements. Thus, the only complaint that could be "operative" as to those Defendants is the First Amended Complaint.

[2] Cassava understands its situation. The Magistrate Judge granted the defendants' letter motion to stay discovery after the First Amended Complaint was filed *before* briefing on the motions was complete. [3/8/2023 Initial Case Mgmt. Conf. Tr.] The Magistrate Judge granted the defendants' motions to dismiss the First Amended Complaint *without* any hearing. [*See* ECF ##104, 105, 110.] The Magistrate Judge stayed discovery following the filing of the Second Amended Complaint *without* any motion by the Dot.com Defendants and *without* any submissions by the parties. [*See* ECF #128.] And the Magistrate Judge granted the Dot.com Defendants additional time to answer the Second Amended Complaint *without* hearing from Cassava. [*See id.*] Cassava is the victim of disinformation published by the Dot.com Defendants. Cassava believes it has been wronged by

4

The Magistrate Judge gave several reasons for its recommendation to deny Cassava's Motion.  *First*, the Magistrate Judge reasoned that "judicial administrative interests weigh against granting certification."  [R&R at 2.]  The Magistrate Judge based these interests, in part, on the remaining defamation claims' relation to whether Cassava's studies were blinded.  [*Id.*]  But Cassava's claims have little to nothing to do with whether the studies were blind.  *Second*, the Magistrate Judge reasoned that the remaining defamation claims asserted in the SAC depend on the context of the statements by the Citizen Petition Defendants and QCM that are the subject of this motion.  [*Id.* at 3–4.]  But statements published by the Citizen Petition Defendants and QCM are irrelevant to the defamation analysis as a matter of law.  *Third*, the Magistrate Judge asserted that "[a] determination of whether the remaining claims constitute protected, non-actionable opinion are closely related issues that remain to be litigated."  [*Id.* at 4.]  But this Court already ruled that most of the statements at issue in the Second Amended Complaint are actionable and no statements by the dismissed defendants are at issue in the Second Amended Complaint.  *Fourth*, the Magistrate Judge faulted Cassava for not identifying any hardship or injustice that would result from denying its motion.  [*Id.*]  But Cassava is not required to do so as a matter of law.  And *fifth*, the Magistrate Judge intimated that there likely will be a consolidated appeal after the forthcoming Motions to Dismiss are granted.  [*Id.* at 4–5.]  But the Dot.com Defendants have not even moved for dismissal yet and the likelihood of that result is speculative, prejudicial, and irrelevant.

---

the Dot.com Defendants' accusation of fraud. Cassava is simply trying to protect its reputation and respond to what it considers meritless attacks by short sellers.

5

**LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C), parties have the right to object to a magistrate judge's recommendation within the allotted fourteen days. Cassava has timely filed this objection to the R&R.

When a party makes timely objections to a magistrate judge's report and recommendation on a dispositive motion, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Catania v. United Fed. of Teachers*, No. 21 Civ. 1257-GHW, 2022 WL 767107, at *1 (S.D.N.Y. Mar. 12, 2022) (citing 28 U.S.C. § 636(b)(1)(C)). A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. Entry of partial final judgment is a dispositive order, so this Court must review the R&R *de novo*. *See Daniel v. Am. Bd. of Emergency Med.*, 212 F.R.D. 134, 137 (W.D.N.Y. 2002).

**ARGUMENT**

**I.    The Magistrate Judge did not correctly apply the Rule 54(b) standard.**

The key inquiry here is whether there is any just reason to delay entry of partial final judgment. *See* Fed. R. Civ. P. 54(b). But the Magistrate Judge gave this standard mere lip service. The Magistrate Judge never addressed whether there is a just reason for delay or even considered what "just reason for delay" means. Instead, the R&R conclusorily states that "judicial administrative interests weigh against granting certification." [R&R at 2.]

The Magistrate Judge's failure to grapple with this key inquiry—or even define it—cripples the analysis in a crucial respect: confusion over the level of relatedness necessary to deny a Rule 54(b) motion. The Magistrate Judge made much of the fact that Cassava's claims against

6

the Citizen Petition Defendants and QCM arise out of the same set of facts as its claims against the Dot.com Defendants and are, supposedly, "closely related." [*Id.* at 4.] But "closely related" and "arise out of the same facts" are not the right questions. Not even close. Under Second Circuit law, there is ***no just reason to delay*** entering of partial final judgment ***unless*** the inactive claims are "inherently inseparable" from the active claims or "inextricably interrelated" with the active claims. *See Ginett v. Comp. Task Grp.*, 962 F.2d 1085, 1096 (2d Cir. 1992). Just because claims are closely related does not mean they are inextricable. *See id.* at 1095. In fact, "[t]here is always an underlying interrelatedness of the claims between the parties in a multiparty civil action." *Id.*

Under the Magistrate Judge's formulation of Rule 54(b), *no* Rule 54(b) motion could ever be granted because all claims in a multiparty civil action have *some* factual overlap given that they were brought in the same complaint—*e.g.*, same plaintiff, same industry, or some similarity in the wrongdoing. Had the Magistrate Judge properly defined and examined "just reason for delay," the Magistrate Judge would have seen that just because claims have some common facts does not mean Rule 54(b) cannot apply. Rule 54(b) only requires that the claims be separable, not that the claims be distinct factually. *See In re Gentiva Sec. Litig.*, 2 F. Supp. 3d 384, 387–88 (E.D.N.Y. 2014). To be separable, the claims must have at least some different questions of law and fact. *Id.* Claims can be separable *even if they arise out of the same set of facts*, contrary to the R&R's position. *Id.* As explained in the Memorandum, Cassava's claims against QCM and the Citizen Petition Defendants are separable from the claims against the Dot.com Defendants because they are based on different defamatory statements published at different times to different audiences by different defendants whose knowledge is judged based on different facts known or knowable to them. [Mem. at 6–8.]

7

The Magistrate Judge's misunderstanding of Rule 54(b) does not end with separability. The Magistrate Judge also inappropriately faulted Cassava for not identifying any particular hardship or injustice without partial final judgment. [R&R at 4.] But Cassava had no such requirement. The case law clearly states that there are two types of cases that warrant Rule 54(b) certification: (1) when it would serve the interests of sound judicial administration and efficiency, *or* (2) "in the infrequent harsh case" when there exists a danger of hardship or injustice by a delayed appeal. *In re Gentiva Sec. Litig.*, 2 F. Supp. 3d at 387. It is an either-or, not a both-and. Indeed, the Second Circuit has downplayed the "infrequent harsh case" language as a means to dodge Rule 54(b) certification: "In short, now that the garden-variety civil complaint often involves multiple claims and/or multiple parties, we cannot, as the Supreme Court has recognized, hide behind the old 'infrequent harsh case' chestnut." *Ginett*, 962 F.2d at 1095.

As the inquiry is an either-or, Cassava had no need to establish any hardship or injustice. Instead, it focused on the judicial administration and efficiency interests that would be served by issuing a partial final judgment. [*See* Mem. at 6–10.] The Magistrate Judge had no basis to hold this choice against Cassava.

By ignoring binding case law and refusing to delve into what "just reason for delay" means, the Magistrate Judge created an unreachable bar for Cassava to meet. For this reason alone, the R&R should be rejected.

## II. The Magistrate Judge did not correctly apply defamation law.

The R&R reasoned that the Dot.com Defendants claims "must be examined in the context of the other statements and publications by QCM and the Neuroscientist Defendants, including the publications previously found to be statements of opinion." [R&R at 3.] Accordingly, the Magistrate ruled that these claims were closely related and partial final judgment, allegedly, was inappropriate. This conclusion is both legally wrong and factually circular.

8

The assertion that Cassava's defamation claims against the Dot.com Defendants "must be examined in the context of the other statements" by other defendants has no basis in defamation case law. Tellingly, the Magistrate Judge offered none. And for good reason: the opposite is true. Under New York law, courts constrain their analysis of an alleged defamatory statement to the four corners of the publication. *See Greenberg v. Spitzer*, 132 N.Y.S.3d 601, at *17–18 (N.Y. Sup. Ct. 2020); *see also* Mem. at 6–7. The context against which the statement must be analyzed is the whole publication in which it appears, not other publications that may or may not have been made by other speakers or other defendants. This Court recognized and applied this fundamental tenet of defamation law in its motion to dismiss order. [ECF #119 at 12–13; *see also id.* at 15–43 (analyzing each statement separately).] But the R&R flouts this uncontroversial legal proposition, and reasons that whether a statement is defamatory can be judged by any statement made that same day on the same general topic. [*See* R&R at 3–4.]

This misunderstanding of defamation law became the foundation of the Magistrate Judge's determination. Because the Magistrate Judge posited that defamation claims must be judged in the context of other defamatory publications, the Magistrate Judge ruled that the active claims were too closely related to the inactive claims to justify partial final judgment. While that is not the right framework for a Rule 54(b) motion, even if it were, the Magistrate Judge's reasoning still would not pass muster because that is ***not*** the way allegedly defamatory statements are evaluated. The fact that one set of speakers said something about the plaintiff one day to one audience does not in any way impact whether a statement made by another speaker on another day to a different audience is defamatory. That has never been the law or the rule followed under New York law (or any state's law for that matter).

9

The Second Amended Complaint focuses on defamatory statements made by the Dot.com Defendants on X. The Second Amended Complaint does not include any allegations about the statements made by the Citizen Petition Defendants or QCM. It is irrelevant whether the statements made by the Citizen Petition Defendants and QCM are similar to the statements made by the Dot.com Defendants because the Dot.com Defendants are not being sued based on the statements made by the dismissed defendants. The Dot.com Defendants are being sued for their statements just like the Citizen Petition Defendants and QCM are being sued for their statements.

**III.    The Magistrate Judge ignored the Court's prior order.**

The Magistrate Judge compounded its misunderstanding of defamation law by neglecting to consider what this Court has already decided. The R&R assumes that whether the statements in the Second Amended Complaint are defamatory remains an open question. [*See* R&R at 4 ("A determination of whether the remaining defamation claims constitute protected, non-actionable opinion are closely related issues that remain to be litigated.").] **But that question has largely been decided**. Out of the 75 statements in the SAC, only seven are new. For the rest, the Court already held that they are defamatory. [ECF #119 at 33–36, 39–43, 58–80.] The Court granted the motions to dismiss on those claims because it needed more context to assess actual malice. [*Id.* at 43–55.] So whether the alleged statements are protected opinion or could be subject to a defamatory meaning has already been decided in Cassava's favor by this Court.

Moreover, the Magistrate Judge's argument is divorced from the analysis required to determine if there is just reason to delay entering partial final judgment on Cassava's claims against the Citizen Petition Defendants and QCM. The Court has already found their statements—the statements by the dismissed defendants—to be non-actionable. Nothing can happen with the Second Amended Complaint that will change that outcome because the statements made by the Citizen Petition Defendants and QCM are not part of the Second Amended Complaint.

10

Accordingly, there is no basis to find the statements made by those defendants – the dismissed defendants—to be "inherently inseparable" or "inextricably intertwined" with the statements at issue in the Second Amended Complaint.

IV.   **The Magistrate Judge misweighed the interests at stake.**

The Magistrate Judge, in part, suggested that the claims are too interrelated because they "related to whether Cassava's Open Label Study was truly blinded." [R&R at 2.] In other words, because the truth or falsity of the claims rise and fall together, judicial administrative interests weigh in favor of a consolidated appeal.

*First*, that conclusion is factually inaccurate. The Magistrate Judge made it up. In the First Amended Complaint, the "Open Label Study" and "blind" testing were mentioned in 18 of the alleged defamatory statements mentioned in the First Amended Complaint. That is 18 out of a total of 257 alleged defamatory statements (7%). Of those 18, two were published by the Citizen Petition Defendants, four were published by QCM, and 12 were published by the Dot.com Defendants. In the Second Amended Complaint, the "Open Label Study" and "blind" testing were mentioned in none of the defamatory publications. The Magistrate Judge's focus on the Open Label Test and whether or not it was "truly blind" was not the focus of Cassava's claims in the First Amended Complaint and is not the focus of Cassava' claim in the Second Amended Complaint. It is a manufactured connection.

*Second*, even if it were true, the Magistrate Judge's logic is backwards. The Magistrate Judge's connection favors granting partial final judgment so there would be potential for a consolidated *trial*. As Cassava explained in its Memorandum, a partial final judgment request should be granted "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997)

11

(cleaned up) (cited in the Memorandum). The truth or falsity of the statements will not be an appeal issue. *See Ginett*, 962 F.2d at 1097 ("In short, we will not on this appeal be deciding any issues which remain for decision in the district court, and nothing the district court can later do on the remaining two claims can alter our decision today."). Instead, falsity will be a question for the latter stages of this litigation, and it will be far more efficient to have one consolidated trial on that question than to risk two separate trials on the same issue.

V.       **The Magistrate Judge considered irrelevant and inappropriate factors.**

The Magistrate Judge cast aside Cassava's argument that a consolidated trial promotes judicial efficiency by presenting its own hypothetical: the Magistrate Judge will recommend that the Court grant the forthcoming motions to dismiss, the Court will agree, and there will be a consolidated appeal shortly. [*See* R&R at 4–5.]

This hypothetical is irrelevant and improper. ***First***, whether there might be a consolidated appeal soon is not part of the Rule 54(b) analysis. Instead, the proper question is whether "an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Advanced Magnetics, Inc.*, 106 F.3d at 16 (cleaned up). Courts have even held that this question alone can warrant Rule 54(b) certification. *See, e.g.*, *Krasner v. Rahfco Funds LP*, No. 11 CV 4092 (VB), 2013 WL 12114473, at *1 (S.D.N.Y. Feb. 20, 2013). The Magistrate Judge's guess that an appeal would not be resolved in time to join the case and that a consolidated appeal is forthcoming does not answer this question. The question is: *could* duplicative trials be avoided. They certainly could if Cassava can appeal now, but they certainly could not if Cassava cannot appeal.

***Second***, the Magistrate Judge's analysis amounts to a thinly veiled premonition: do not worry about appealing now, because Cassava will be able to appeal everything soon. As noted above, Cassava understands its situation even though a motion to dismiss has not been filed. But

12

the Magistrate Judge's preconceived notions about the merits of the forthcoming motion have no bearing on the Rule 54(b) analysis. Cassava can find no situation where a court's guess about the merits of a potential future motion and how *another* court might rule on such a motion has been a proper basis for denying a Rule 54(b) request. *See, e.g.*, *Davis v. Eastman Kodak Co.*, No. 04-CV-6098, 2007 WL 8098431, at *7 (W.D.N.Y. July 19, 2007). ("While future proceedings in this case are particularly difficult to predict, there is a significant possibility that Singletary, Alston and Rice would have to wait an inordinate length of time before the merits of this case and all the claims presented have been resolved."); *In re Fresh & Process Potatoes Antitrust Litig.*, No. 4:10-MD-2186-BLW, 2012 WL 1288752, at *2 (D. Idaho Apr. 16, 2012) ("The Court cannot predict precisely how this litigation will develop, but it may be that future developments would cause the Court to reconsider its position as to Dole's request for Rule 54(b) certification.").

## CONCLUSION

Accordingly, Cassava respectfully requests that this Court reject the R&R and direct the entry of final judgment as to Counts I, II, and III in the FAC.

13

Dated: June 13, 2024

Respectfully submitted,

CASSAVA SCIENCES, INC.

By its attorneys,

*/s/ J. Erik Connolly*
J. Erik Connolly (*admitted pro hac vice*)
 EConnolly@beneschlaw.com
 Illinois ARDC No. 6269558

Timothy Frey (*admitted pro hac vice*)
 TFrey@beneschlaw.com
 Illinois ARDC No. 6303335

Kate Watson Moss (*admitted pro hac vice*)
 kwatsonmoss@beneschlaw.com
 Illinois ARDC No. 6321176

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949


Michael Vatis
 mvatis@beneschlaw.com
 NY Reg. No. 2258655

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
1155 Avenue of the Americas
26th Floor
New York, NY 10036

14

## CERTIFICATE OF SERVICE

    I, Erik Connolly, hereby certify that a copy of the foregoing Objections to Magistrate Judge Wang's Report and Recommendation Regarding Plaintiff's Motion for Partial Final Judgment, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 13, 2024.

Dated: June 13, 2024                                          */s/ J. Erik Connolly*