UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CASSAVA SCIENCES, INC., | ) |
| | ) |
| Plaintiff, | ) Case 1:22-cv-09409-GHW-OTW |
| | ) |
| v. | ) |
| | ) |
| DAVID BREDT, GEOFFREY PITT, | ) |
| QUINTESSENTIAL CAPITAL MANAGEMENT | ) |
| LLC, ADRIAN HEILBUT, JESSE BRODKIN, | ) |
| ENEA MILIORIS and PATRICK MARKEY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE WANG'S JANUARY 3, 2024 REPORT AND RECOMMENDATION**

Isaac B. Zaur
David Kumagai
**CLARICK GUERON REISBAUM LLP**
220 Fifth Avenue, 14th Floor
New York, New York 10001
Tel.: (212) 633-4310
  izaur@cgr-law.com
  dkumagai@cgr-law.com

Jeffrey A. Simes
Meghan K. Spillane
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, New York 10018
Tel.: (212) 813-8800
  jsimes@goodwinlaw.com
  mspillane@goodwinlaw.com

*Attorneys for Defendants David Bredt and Geoffrey Pitt*

Daniel F. Wachtell
**LAW OFFICE OF DANIEL F. WACHTELL**
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (917) 667-6954
  dan@danwachtell.com

*Attorneys for Defendants Jesse Brodkin, Adrian Heilbut, and Enea Milioris*

David M. Levy
Joshua K. Bromberg
Alisa M. Benintendi
**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
500 Fifth Avenue
New York, New York 10110
Tel.: (212) 986-6000
  dlevy@kkwc.com
  jbromberg@kkwc.com
  abenintendi@kkwc.com

*Attorneys for Defendant Quintessential Capital Management LLC*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1
ARGUMENT .................................................................................................................................. 1
    A.    MAGISTRATE JUDGE WANG APPLIED THE CORRECT STANDARD UNDER RULE 54(B). ............................................................... 1
    B.    JUDICIAL INTERESTS WEIGH AGAINST CERTIFICATION. ...................... 3
    C.    CASSAVA HAS NOT DEMONSTRATED ANY HARDSHIP OR INJUSTICE THAT WOULD RESULT FROM DENYING CERTIFICATION. ............................................................................................. 6
CONCLUSION ............................................................................................................................... 6
CERTIFICATE OF SERVICE ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

CASES:

*Abadi v. Am. Airlines*,
  2024 WL 2193688 (S.D.N.Y. May 15, 2024) ............................................................. 6

*Curtiss-Wright Corp. v. General Electric Co.*,
  446 U.S. 1 (1980) ..................................................................................................... 2

*Ginett v. Comp. Task Grp.*,
  962 F.2d 1085 (2d Cir. 1992) ............................................................................. 1, 2

*Greenberg v. Spitzer*,
  132 N.Y.S.3d 601 (N.Y. Sup. Ct. Nov. 12, 2020) ..................................................... 4

*Gross v. New York Times*,
  82 N.Y.2d 146 (N.Y. 1993) ...................................................................................... 4

*Gulino v. Bd. Of Educ.*,
  2024 WL 3017979 (S.D.N.Y. June 4, 2024) ............................................................ 1

*Negrete v. Citibank, N.A.*,
  2017 WL 2963494 (S.D.N.Y. July 11, 2017) ........................................................... 6

*Svenska AB v. Harris Corp.*,
  947 F.2d 627 (2d Cir. 1991) .................................................................................... 2

*TADCO Const. Grp. Corp. v. Dormitory Auth. of New York*,
  2012 WL 3011735 (E.D.N.Y. July 23, 2012) ........................................................... 6

RULES:

Fed. R. Civ. P. 54(b) ..................................................................................... 1, 2, 3, 6

Defendants respectfully submit that Magistrate Judge Wang's Report and Recommendation Regarding Plaintiff's Motion for Partial Final Judgment (Report and Recommendation" or "R&R"), ECF No. 131, should be adopted in full.

## PRELIMINARY STATEMENT

Magistrate Judge Wang applied the correct standard in her Report and Recommendation and applied it correctly. She rightly assessed that Cassava's application is one calling for exercise of the Court's discretion under governing law and Federal Rule of Civil Procedure 54(b). She then recommended an appropriate exercise of the Court's discretion to deny entry of separate judgments to allow piecemeal appeals, in light of Cassava's own choice to attack factually similar—and in some cases expressly interrelated—statements by three sets of defendants in a single case.

Cassava, on the other hand, has flatly misstated the governing law with respect to Rule 54(b), including by mischaracterizing the holding of the Second Circuit's opinion in *Ginett v. Comp. Task Grp.*, 962 F.2d 1085, 1096 (2d Cir. 1992). Cassava has also mischaracterized the law of defamation, attempting to make its claims against the various defendants separable by insisting—wrongly—that each allegedly defamatory statement must be assessed purely in isolation and without regard to context.

Last, and critically, Cassava points to no prejudice to itself other than ordinary delay associated with awaiting a final judgment.

## ARGUMENT

**A.     Magistrate Judge Wang Applied the Correct Standard Under Rule 54(b).**

Magistrate Judge Wang applied the proper standard under Rule 54(b). The Magistrate Judge correctly noted while Rule 54(b) is permissive in nature, discretion to enter a partial judgment and allow separate appeals from a single lawsuit "is to be exercised sparingly in light of the 'historic federal policy against piecemeal appeals.'" (*Gulino v. Bd. Of Educ.*, No. 96 CIV.

8414 (KMW), 2024 WL 3017979, at *3 (S.D.N.Y. June 4, 2024), quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).) As the Second Circuit has made plain, "certification under Rule 54(b) should be granted only if there are interest[s] of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." (*Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991), internal quotation marks and citations omitted.) As noted below, Magistrate Judge Wang correctly found neither a basis in judicial efficiency nor a hardship that would warrant certification.

Cassava insists that "[u]nder Second Circuit law, there is **no just reason to delay** entering of partial final judgment **unless** the inactive claims are 'inherently inseparable' from the active claims or 'inextricably interrelated' with the active claims." (Obj. at 7, emphasis in original, citing *Ginett v. Comp. Task Grp.*, 962 F.2d 1085, 1096 (2d Cir. 1992).) But this is just wrong. In fact, the Second Circuit explained in *Ginett* that most applications for entry of a partial judgment under Rule 54(b) are subject to the District Court's discretionary judgment—except for a subset of such applications where partial judgment should never be entered because claims are "inherently inseparable" or "inextricably interrelated" to such a degree that the other factors effecting a discretionary judgment must be ignored:

> Only those claims "inherently inseparable" from or "inextricably interrelated" to each other are inappropriate for rule 54(b) certification. When the claims are "separable" or "extricable" from each other, there is generally no reason to disturb the district court's exercise of its discretion. We "scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." Once we are satisfied that the claims are extricable from one another, we give the district court's discretionary judgment "substantial deference, for that court is 'the one most likely to be familiar with the case and with any justifiable reasons for delay.'"

(962 F.2d at 1096, citations omitted.) Thus, *Ginett* describes a two-step process. First, the Court

must inquire whether the claims in question are "separable" or "extricable" from one another. If the answer is no, then the inquiry ends and no partial judgment may be entered. If the answer is yes, then the District Court must exercise its discretion in evaluating the propriety of partial judgment in light of its familiarity with the case. In other words, Cassava has matters backwards: if claims are inseparable, Rule 54(b) certification is unavailable; if claims are separable, the Court has discretion to grant or deny certification in the interest of judicial administration. The Magistrate Judge appropriately found that the sets of claims "arise from the same set of facts" and are "closely related" (R&R at 4), and thus denial of certification was warranted.

**B.      Judicial Interests Weigh Against Certification.**

Cassava chose to allege a broad and connected defamatory scheme involving multiple defendants. As Magistrate Judge Wang accurately noted, "Plaintiff's defamation claims against the remaining Defendants arise from the same set of facts: the Neuroscientist Defendants' citizen petitions, the retracted research papers, the questions surrounding the integrity of the research by Cassava's scientists, and ongoing scientific discourse." (R&R at 4.) The handful of remaining statements to be evaluated are not divorced from the statements that were the subject of dismissal, but "must be examined in the context of the other statements and publications by QCM and the Neuroscientist Defendants, including the publications previously found to be statements of opinion." (R&R at 3.) This is particularly true given that the Second Amended Complaint ("SAC") accuses the remaining Defendants of republishing other Defendants' allegedly defamatory statements. (*See, e.g.*, SAC, ECF No. 120 ¶¶ 668, 683, 698, 713.) Indeed, in its motion, Cassava admitted that it joined all of the Defendants in one action precisely because their "defamatory statements were false for similar reasons and evidence of their actual malice, including the evidence that they reviewed prior to publication, was similar." (ECF No. 130 at 2.) Because of the close relationship among the various related claims, the proceedings in the District

Court may render the appeal moot in whole or in part. The truth or falsity of certain facts that underlie QCM's and the Neuroscientist Defendants' statements will be litigated with the Dot.com Defendants, eliminating or at least significantly narrowing the issues to be taken up by the Second Circuit at the conclusion of the proceedings in the District Court.[1] It is simply incorrect for Cassava now to suggest that what remains to be litigated in the case does not relate to the majority of it that has been dismissed.

In an effort to support its (brand new) position that its claims against the various defendants here are independent of each other, Cassava also mischaracterizes the underlying law of defamation by wrongly suggesting that alleged defamatory statements must be assessed in isolation, without regard to context. (*E.g.* Br. at 9 ("[C]ourts constrain their analysis of an alleged defamatory statement to the four corners of the publication.").) This is the opposite of the law. Even the one case Cassava cites for this proposition (1) does not contain any language supporting it and (2) quotes the New York Court of Appeals' admonition in *Gross* that "[T]he courts are obliged to consider the communication as a whole, as well as its immediate and broader social contexts, to determine whether the reasonable listener or reader is likely to understand the remark as assertion of provable fact." (*Greenberg v. Spitzer*, 69 Misc. 3d 1214(A), 132 N.Y.S.3d 601 (N.Y. Sup. Ct. Nov. 12, 2020), citing *Gross v. New York Times*, 82 N.Y.2d 146 (N.Y. 1993).) As the Court explained in its decision on Defendants' motions to dismiss, context is critical in assessing the meaning and possible defamatory connotation of challenged statements as well as the existence of actual malice. (Order at 12-13.) Here, as Cassava itself has extensively alleged, the context of each of the Defendants' statements plainly includes the statements of the others. Thus, separate

---

[1] Of course, this assumes that the Dot.com Defendants' forthcoming motion to dismiss will be denied in whole or in part, which is by no means certain. As Magistrate Judge Wang correctly noted, the possibility that it will be granted and all of the dismissed claims can be appealed together is yet another just reason for delay. (*See* R&R at 5.)

appeals concerning the connotation of those related statements would be inefficient at best.

Cassava fares no better in its attempt to establish that further proceedings in this Court with respect to the Dot.com Defendants will have no impact on Cassava's proposed separate appeal from the dismissal of its claims against the other defendants. Specifically, Cassava suggests that the Court will have no ability to revisit its conclusion that certain tweets by the Dot.com Defendants are best understood as statements of fact. But this makes no sense. In reaching that view, the Court emphasized as follows:

> A full list of the tweets that the Court holds are actionable, based on the limited allegations before it and construing the tweets in the light most favorable to Plaintiff, is appended to this opinion as Exhibit A. That list includes mixed opinions that imply a basis in facts not disclosed to the reader, as well as factual assertions that Plaintiff has alleged are false. *The Court emphasizes that contextual allegations, such as allegations about the thread in which a challenged tweet was posted, allegations about other tweet that the author posted in close proximity to a challenged tweet, or allegations about the author's X profile might impact each of these determinations*.

(Op. at 41 n.42, emphasis added.) The Court, of course, also held that Cassava had failed to adequately plead actual malice. It invited Cassava to provide more context for these specific tweets if it wished to try again to plead actual malice with respect to them. Now, Cassava has done so: it has pleaded additional context for the tweets in question, including the specific types of context to which the Court alluded. However, Cassava denies that these new allegations would "impact each of those determinations" with respect to fact versus opinion, notwithstanding what the Court itself has already said. Instead, Cassava seems to take the position that the only possible "impact" of its newly-alleged context would be to improve its chances of establishing actual malice, while ignoring their "impact" on whether the tweets in question should be understood as fact or opinion. This is wrong, of course, and it cannot erase the reality that the Court will once again be called upon to consider the status of dozens of statements by the Dot.com Defendants alleged in the SAC at the same time that statements closely linked to those tweets are on appeal—if partial judgment

is entered.

In sum, "judicial administrative interests weigh against granting certification because Plaintiff's remaining claims arise out of largely overlapping factual allegations and similar legal issues." (*Abadi v. Am. Airlines*, No. 23-CV-4033 (LJL), 2024 WL 2193688, at *1 (S.D.N.Y. May 15, 2024).)

### C. Cassava Has Not Demonstrated Any Hardship or Injustice That Would Result From Denying Certification.

Cassava points to no hardship or injustice that would result from denying certification, because there would be no such hardship or injustice. The most that Cassava can hypothesize is that, if all goes perfectly for Cassava, it *may* be able to avoid a duplicative trial. But "unnecessary discovery and trial costs 'are inherent in every denial of Rule 54(b) certification, [however,] and hardly rise to the level of hardships that warrant immediate appeal.'" (*Negrete v. Citibank, N.A.*, No. 15 Civ. 7250 (RWS), 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017), quoting *TADCO Const. Grp. Corp. v. Dormitory Auth. of New York*, No. 08 Civ. 73 (KAM) (JMA), 2012 WL 3011735, at *6 (E.D.N.Y. July 23, 2012).) Moreover, as Magistrate Judge Wang correctly noted, one may equally infer that denial of certification is the best path to avoid duplicated efforts in this case.

In sum, "Plaintiff has not identified any hardship or injustice that would be alleviated by immediate appeal that is not inherent in every denial of Rule 54(b) certification." (*Abadi,* 2024 WL 2193688, at *2.) The R&R should be adopted.

## CONCLUSION

For these reasons, Magistrate Judge Wang's Report and Recommendation Regarding Plaintiff's Motion for Partial Final Judgment, ECF No. 131, should be adopted in full.

Dated:  June 27, 2024                                   Respectfully submitted,

/s/ Isaac B. Zaur
*With consent*
Isaac B. Zaur
David Kumagai
**CLARICK GUERON REISBAUM LLP**
220 Fifth Avenue, 14th Floor
New York, New York 10001
Tel.:   (212) 633-4310
        izaur@cgr-law.com
        dkumagai@cgr-law.com

/s/ Jeffrey A. Simes
Jeffrey A. Simes
Meghan K. Spillane
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, New York  10018
Tel.:   (212) 813-8800
        jsimes@goodwinlaw.com
        mspillane@goodwinlaw.com

*Attorneys for Defendants David Bredt and Geoffrey Pitt*

/s/ Daniel F. Wachtell
*With consent*
Daniel F. Wachtell
**LAW OFFICE OF DANIEL F. WACHTELL**
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.:   (917) 667-6954
        dan@danwachtell.com

*Attorneys for Defendants Jesse Brodkin, Adrian Heilbut, and Enea Milioris*

/s/ David M. Levy
*With consent*
David M. Levy
Joshua K. Bromberg
Alisa M. Benintendi
**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C**.
500 Fifth Avenue
New York, New York 10110
Tel.:   (212) 986-6000
        dlevy@kkwc.com
        jbromberg@kkwc.com
        abenintendi@kkwc.com

*Attorneys for Defendant Quintessential Capital Management LLC*

## CERTIFICATE OF SERVICE

       I, Jeffrey A. Simes, hereby certify that a copy of the foregoing Response to Plaintiff's Objections to Magistrate Judge Wang's Report and Recommendation Regarding Plaintiff's Motion for Partial Final Judgment, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 27, 2024.

Dated: June 27, 2024                                       */s/ Jeffrey A. Simes*