UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/5/2024

-------------------------------------------------------------- X
                        :

CASSAVA SCIENCES, INC.                 :
                        :

               Plaintiff,     :           1:22-cv-9409-GHW
                        :

         -v —                 :       MEMORANDUM OPINION &
                        :              ORDER

DAVID BREDT, *et al*.,            :
             Defendants.   :
                        :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I.     INTRODUCTION

On May 22, 2024, Plaintiff filed a motion for entry of a partial final judgment under Fed. R. Civ. P. 54(b) ("Rule 54(b)"). Magistrate Judge Ona T. Wang issued a report and recommendation, recommending that the Court deny the motion in the interest of judicial efficiency. Dkt. No. 131 (the "R&R"). Plaintiff filed objections, and Defendants responded. Applying a *de novo* standard of review, the Court holds that an immediate appeal would create judicial inefficiencies and that the equities do not favor immediate appeal. Accordingly, Plaintiff's motion for entry of a partial final judgment is DENIED.

## II.    BACKGROUND

The Court refers to its March 28, 2024 opinion for a description of the claims in this case, but briefly reviews the history of the case relevant to this motion. Plaintiff brought defamation claims in its first amended complaint against three groups of Defendants—the Neuroscientist Defendants,[1] the Dot Com Defendants, and QCM—based on multiple communications in which Defendants critiqued Plaintiff's scientific studies and accused Plaintiff of data manipulation and other fraudulent activities. Dkt. No. 30 (the "FAC"). On March 28, 2024, the Court issued an

---

[1] Capitalized Terms utilized herein take on the meanings prescribed in the Court's March 28, 2024 opinion.

opinion granting Defendants' motions to dismiss all of Plaintiff's claims.  Dkt. No. 119 ("MTD Opinion").  In that opinion, the Court found that most of the allegedly defamatory statements constituted protected statements of opinion or scientific debate, but that Plaintiff had adequately pleaded that the Dot Com Defendants' Seeing Through the Blind Slide Deck and a number of tweets by the Dot Com Defendants and QCM Defendants were defamatory.  *See* MTD Opinion. However, the Court held that Plaintiff had failed to adequately plead actual malice with respect to those defamatory statements, as it was required to do to state a claim for defamation.  *Id.* at 43–55. The Court granted Plaintiff to leave to replead the claims based on those defamatory statements but denied leave to replead any of the other dismissed claims.  *Id.* at 55–56.

On April 29, 2024, Plaintiff filed a second amended complaint.  Dkt. No. 120 (the "SAC"). In the SAC, Plaintiff asserted claims against the Dot Com Defendants only, based on 75 allegedly defamatory tweets (the "Repleaded Claims").  *See* SAC.  On June 28, 2024, the Dot Com Defendants filed a motion to dismiss the SAC.  Dkt. No. 137.  On May 22, 2024, Plaintiff filed a motion seeking entry of a partial final judgment under Rule 54(b) as to all of its claims against QCM and the Neuroscientist Defendants (the "54(b) Claims") so that it could "seek immediate appellate review" of those claims.  Dkt. No. 130 ("Pl's Motion") at 1.  Judge Wang issued her R&R recommending denial of the motion on May 30, 2024.  Plaintiff filed timely objections to the R&R on June 13, 2024.  Dkt. No. 132 ("Objections").  The matter was fully briefed when Defendants filed a joint response to Plaintiff's objections.  Dkt. No. 136.

III.    **LEGAL STANDARD**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and

recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## IV.   DISCUSSION

For purposes of its evaluation of the R&R, the Court treats Plaintiff's objections as sufficiently precise to merit *de novo* review. The Court has reviewed Plaintiff's motion and Objections and has conducted a *de novo* review of the arguments presented therein. Having done so, the Court declines to enter a partial final judgment.

"Rule 54(b) authorizes a district court to enter partial final judgment 'when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express[] determin[ation] that there is no just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (quoting *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140

3

(2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 54(b) (internal quotation marks omitted)).

In this case, there is no dispute that the first two requirements are met. There are multiple defendants in this case, and Plaintiff seeks entry of a final judgment on all of its claims against two of the three sets of defendants: the Neuroscientist Defendants and QCM. Therefore, Plaintiff's briefing and the Court's analysis focuses only on the third requirement, whether there is "no just reason for delay." Fed. R. Civ. P. 54(b).

"In deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)) (alterations in original); *see also O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003) ("The power which this Rule confers upon the trial judge should be used only in the infrequent harsh case, i.e., certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."). "It [i]s therefore proper for the District Judge . . . to consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 311 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8) (alterations in original). "[I]n light of the policy against piecemeal appeals, it is incumbent upon a party seeking immediate relief in the form of a Rule 54(b) judgment to show not only that the issues are sufficiently separable to avoid judicial inefficiency but also that the equities favor entry of such a judgment." *Id.* at 314.

In considering judicial efficiency, courts "should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [the Circuit's] decision on

the appealed claim or require [the Circuit] to decide issues twice." *Ginett v. Comput. Task Grp.*, 962 F.2d 1085, 1095 (2d Cir. 1992). In addition, the Second Circuit "[has] repeatedly noted that the district court generally should not grant a Rule 54(b) certification 'if the same or closely related issues remain to be litigated.'" *Novick*, 642 F.3d at 311 (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). "'It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." *Id.* (quoting *Harriscom,* 947 F.2d at 631).

Plaintiff has not shown that "the issues are sufficiently separable to avoid judicial inefficiency," for three reasons. *Novick*, 642 F.3d at 314. First, the Repleaded Claims and the 54(b) Claims involve many "closely related issues" because they are all defamation claims arising from similar critiques of Plaintiff's scientific studies and involve many overlapping factual allegations. *Harriscom,* 947 F.2d at 629. And while Plaintiff is correct that the legal questions of "[w]hether the various statements made by the Citizen Petition Defendants and QCM are defamatory . . . are separate questions from whether the Dot Com Defendants' Defamatory Posts . . . are defamatory" given that courts must analyze allegedly defamatory statements individually, the analysis of those questions may overlap given that the defendants made the statements about the same substantive issue within the context of the same public debate.[2] Pl's Motion at 7; *see Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 153 (1993) (holding that to determine whether an allegedly defamatory statement is actionable, courts should examine factors including "the broader social context and surrounding

---

[2] The Court also notes that while Plaintiff is correct that "this Court already ruled that most of the statements at issue in the Second Amended Complaint are actionable," that ruling was based on the allegations in the FAC. Objections at 5. The SAC includes many new factual allegations regarding the context of those statements, and the Court explicitly noted in its March 28, 2024 opinion that in the FAC "Plaintiff [] alleged almost no facts regarding" the context of each challenged tweet and that contextual allegations or exhibits submitted by any party showing context "might impact" the Court's determination of whether each tweet has a defamatory connotation. MTD Opinion at 39, 41 n.42.

circumstances").  "[I]it does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case," and Plaintiff provides no compelling reason to depart from that principle here.  *Novick*, 642 F.3d at 311 (quoting *Harriscom,* 947 F.2d at 631).  Efficiency concerns are heightened in this case, given Plaintiff's voluminous, overlapping complaints, as well as hundreds of pages of overlapping attachments that include lengthy, highly technical journal articles.

Second, to survive a motion to dismiss, Plaintiff is required to adequately plead actual malice, and the resolution of that legal question requires the evaluation of overlapping factual and legal questions for the Repleaded Claims and the 54(b) Claims.  Broadly speaking, Plaintiff's theory of actual malice for the Repleaded Claims and the 54(b) Claims is the same:  Plaintiff alleges that Defendants' statements were inherently improbable, that Defendants were scientists in possession of certain scientific "common knowledge" that contradicted their statements, that Defendants' short positions in Plaintiff's stock gave them a motive to defame Plaintiff, and that Defendants knew or should have known of large amounts of publicly available information, including in peer-reviewed journals and Plaintiff's press releases, which contradicted their statements.

Both the FAC and the SAC include dozens of paragraphs of allegations supporting this theory as well as hundreds of pages of attachments.  *Compare* FAC ¶¶ 295–365 *with* SAC ¶¶ 545–621; *compare* Dkt. No. 30-1 (appendix of exhibits to the FAC) *with* Dkt. No. 120-1 (appendix of exhibits to the SAC).  Though the SAC includes some new and enhanced factual allegations as well as additional attachments, the overlap between the two complaints and their attachments is significant.[3]

---

[3] Plaintiff argues that "Cassava's claims against the Dot.com Defendants are also based on the Dot.com Defendants' actual malice, which is different than the knowledge and reckless disregard of the Citizen Petition Defendants and QCM."  Objections at 1.  Plaintiff also argues that "each defendant's actions are judge by [sic] his/her individual statements and his/her unique knowledge."  *Id.* at 2.  But at this stage, the question is whether Plaintiff has adequately pleaded actual malice, and Plaintiff's allegations regarding the actual malice of each group of defendants substantially overlap.  Indeed, Plaintiff acknowledges that "evidence of their actual malice, including the evidence that they reviewed prior to publication, was similar."  Pl's Motion at 2.

Therefore, if the Court were to grant Plaintiff's Rule 54(b) motion and subsequently dismiss the Repleaded Claims as a result of Defendants' motion to dismiss, there is a risk that "the appellate court would have to decide the same issue[]," or at least a very similar issue, more than once:  the issue of whether Plaintiff adequately pleaded actual malice in the FAC and SAC.  *Novick*, 642 F.3d at 314 (quoting *Curtiss-Wright Corp*, 446 U.S. at 8); *see also Crespo v. Carvajal*, No. 17CV6329MKBPK, 2021 WL 4237002, at *4 (E.D.N.Y. Sept. 14, 2021) (declining to enter a partial final judgment on dismissed claims in part due to "largely overlapping factual allegations").

Finally, "the district court's disposition of one or more of the remaining claims could render [the Circuit's] opinion advisory or moot" in the event that the Repleaded Claims are not dismissed as a result of Defendants' motion to dismiss but instead proceed to trial.  *Ginett*, 962 F.2d at 1095. That is because "falsity is a necessary element of a defamation cause of action," and Plaintiff asserts that all of Defendants' "defamatory statements were false for similar reasons."  *Davis v. Boeheim*, 998 N.Y.S.2d 131, 136 (2014); Pl's Motion at 2.  In other words, the Repleaded Claims and the 54(b) Claims both hinge on the falsity of statements that Plaintiff committed fraud, manipulated data, and conducted unsound scientific studies, and that its drug candidate is ineffective.  If the Repleaded Claims proceed to trial, the parties will litigate the truth or falsity of those facts.  And if Plaintiff is unable to prove that they are false, that disposition will narrow or even eliminate the issues that the Second Circuit must take up upon Plaintiff's appeal of the 54(b) Claims.  *See Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (holding that a unified appeal "is particularly desirable where, as here, the adjudicated and pending claims are closely related and stem from essentially the same factual allegations" because "[f]urther proceedings on the pending causes of action will illuminate appellate

review of the other claims"). Accordingly, Plaintiff has not shown that "the issues are sufficiently separable to avoid judicial inefficiency." *Novick*, 642 F.3d at 314.[4]

While the likelihood of judicial inefficiency is fatal to Plaintiff's motion on its own, Plaintiff also has not shown that "the equities favor entry" of a partial final judgment. *Novick*, 642 F.3d at 314. Plaintiff's sole argument on this point is that "the parties and this Court face the possibility of duplicative, expensive trials separated by years absent an immediate appeal. Party and judicial resources will be wasted if Cassava is not allowed to appeal the Court's motion to dismiss rulings now." Pl's Motion at 2. As an initial matter, the risk of duplicative discovery or motion practice in this case—let alone duplicative trials—is entirely speculative at this stage. As discussed, the Dot Com Defendants have moved to dismiss the Repleaded Claims. Dkt. No. 137. It is uncertain at this time whether the Repleaded Claims will survive that motion or necessarily proceed to trial. Additionally, Judge Wang has stayed discovery pending the resolution of that motion. *See* Dkt. No. 128.

The Court notes that in all of the cases that Plaintiff cites in which courts have considered the risk of duplicative trials as a factor weighing in favor of entry of a partial final judgment, the active claims had survived a motion to dismiss and were proceeding to trial or further motion

---

[4] In its Objections, Plaintiff argues that "[u]nder Second Circuit law, there is no just reason to delay entering of partial final judgment unless the inactive claims are 'inherently inseparable' from the active claims or 'inextricably interrelated' with the active claims." Objections at 7 (quoting *Ginett*, 962 F.2d at 1096). As an initial matter, the potential for litigation regarding the truth or falsity of the allegedly defamatory statements giving rise to the Repleaded Claims does render the active and inactive claims "inextricably interrelated," because as described, the disposition of that litigation could prevent Plaintiff from sustaining some of the claims that it seeks to appeal. *See Ginett*, 962 F.2d at 1095 (explaining that claims are inextricably interrelated when "the district court's disposition of one or more of the remaining claims could render [the Circuit's] opinion advisory or moot"). In any event, if Plaintiff argues that district courts are *required* to enter a partial final judgment so long as the active claims are not "inextricably interrelated" to the inactive claims, Plaintiff somewhat overstates the holding of *Ginett*. In *Ginett*, the Second Circuit held only that a district court abuses its discretion by entering a partial final judgment where when the active and inactive claims are "inherently inseparable" or "inextricably interrelated." *Id.* at 1096. It did not hold that a court abuses its discretion by declining to enter a partial final judgment where the claims are not "inextricably interrelated." The court went on to state that "[o]nce we are satisfied that the claims are extricable from one another, we give the district court's discretionary judgment 'substantial deference, for that court is 'the one most likely to be familiar with the case and with any justifiable reasons for delay.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).

practice. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17 (2d Cir. 1997) ("AMI's own claims under § 10(b) and Rules 10b-5 and 10b-21 have not been dismissed and remain to be tried."); *Grand River Enterprises Six Nations, Ltd. v. Pryor*, No. 02 CIV. 5068 (JFK), 2004 WL 2480433, at *2 (S.D.N.Y. Nov. 3, 2004), *aff'd*, 425 F.3d 158 (2d Cir. 2005); *Krasner v. Rahfco Funds LP*, No. 11 CV 4092 (VB), 2013 WL 12114473, at *1 (S.D.N.Y. Feb. 20, 2013). In each of those cases, "an expensive and duplicative trial could be avoided if, without delaying prosecution of the active claims, a dismissed claim were reversed in time to be tried with the other claims." *Advanced Magnetics, Inc.*, 106 F.3d at 16. That is not the posture here, where the Repleaded Claims may also be dismissed as a result of Defendants' motion to dismiss. It remains to be seen whether Plaintiff will have the opportunity to file a unified appeal of the dismissal of all of its claims.

Moreover, "[t]he mere potential for duplicative trials should not, by itself, result in 54(b) certification." *New York ex rel. Khurana v. Spherion Corp.*, No. 15 CIV. 6605 (JFK), 2018 WL 3046514, at *4 (S.D.N.Y. June 20, 2018) (collecting cases); *see also In re Bayou Hedge Fund Litig.*, No. 06 CV 3026 (CM), 2007 WL 2363622, at *6 (S.D.N.Y. Aug. 16, 2007) (denying a Rule 54(b) motion where some defendants had been dismissed because "the so-called hardship of duplicative trials will arise in every multiple party suit in which one of the defendants is dismissed but must await the finality of its release until the liability of the remaining defendants has been determined and judgment has been entered"); *Adrian v. Town of Yorktown*, 210 F. App'x 131, 133 (2d Cir. 2006) (noting that the rationale of avoiding duplicative trials "is one we have explicitly rejected, particularly in cases where the dismissed and surviving claims are closely interrelated"). Plaintiff does not provide any other compelling reasons why the equities in this case favor immediate appeal. Accordingly, Plaintiff has

not met its burden to show "that the issues are sufficiently separable to avoid judicial inefficiency [and] also that the equities favor entry of such a judgment." *Novick*, 642 F.3d at 314.

## V.     CONCLUSION

For these reasons, Plaintiff's motion for entry of a partial final judgment is DENIED.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 129.

SO ORDERED.

Dated:  July 5, 2024

_____
GREGORY H. WOODS
United States District Judge